ANNA MAZZIOTTE *vs.* BRIDGEPORT AND WATERBURY PASSENGER SERVICE, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 13th—decided December 20th, 1932.

*Vincent A. Scully,* for the appellant (defendant).

*Clayton L. Klein,* for the appellee (plaintiff).

BANKS, J.   The plaintiff was a passenger for hire in a motor coach operated by the defendant between Bridgeport and Waterbury, which overtook a Ford coupe proceeding in the same direction, and came into collision with it, and then ran off the highway and into a stone wall adjoining the shoulder of the road. The plaintiff alleged that the accident was caused by the negligence of the driver of the coach, and that as a result of it she received severe injuries.   The defendant assigned error in the court's denial of its motion to set aside the verdict, and errors in the charge.   The only assignments of error pursued in its oral argument or upon the brief were those claimed in the charge of the court.   If the defendant did not intend to rely upon its claim that the court should have set the verdict aside as against the evidence it should not have had the evidence printed in the record.   The charge is to be tested by the finding and we cannot resort to the evidence in a consideration of any of the assignments of error in which it is attacked.

The defendant says that the court erred in assuming throughout the charge, as an established fact, that the plaintiff was injured in the collision, whereas one of the issues upon the trial was whether she was injured at all.   The plaintiff offered evidence that she suffered

severe injuries, including a concussion of the brain, a paralysis of the right eyelid, a partial anaesthesia of the right side of the forehead, injuries to the abdomen, a contusion of the right leg and numerous cuts and bruises on her face and body and a severe nervous shock. The defendant offered evidence that after the accident the operator of the defendant's coach asked the plaintiff if she was injured and she replied in the negative, that there were no marks or bruises upon her face or head, that she did not suffer a concussion of the brain, that her nervous condition was not caused by any injury received by her in the accident and that she suffered no injury as a result of it except a bruise upon her left leg. The case thus presented the not unusual situation in which the plaintiff claims to have suffered very severe injuries as a result of which she has become a complete mental and physical wreck, and the defendant claims that her injuries, if any, are slight and insignificant in character. The court in various portions of the charge referred to "the plaintiff's injury" and the collision "in which the plaintiff was injured," and to that extent assumed that she did suffer some injury. The finding does not disclose that the defendant claimed that she was not injured at all, but on the contrary it offered proof that her only injury was a bruise upon her left leg. The charge fairly submitted to the jury the defendant's claim that the plaintiff's injuries were insignificant, and that she had made them appear more serious than they really were.

The defendant asserts that the court erred in failing to charge the jury that the mortality tables are not conclusive of life expectancy, and that the uncertainties of life and the possibility of a natural or accidental death intervening should be considered by them. The court did specifically charge that the mortality tables figure of the plaintiff's life expectancy was not binding

upon the jury, and that they might determine it from their observation of her and such other assistance as they could get, including the tables. In the absence of a request to so charge, the court was not required to instruct the jury specifically that they must take into account the probabilities of accident or sickness or other happenings which would terminate the results of plaintiff's injuries. *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 56, 123 Atl. 25. Such probabilities are always counted among the vicissitudes of human life, and it may be assumed that the jury would not ignore the natural incidents of life which are common to all mankind.

The court charged the jury that the defendant's negligence, to be actionable, must have been the proximate cause of the plaintiff's injuries and gave the usual definition of proximate cause to which no exception is taken. The defendant does claim that the charge failed to point out to the jury the application of the rule of proximate cause to the facts claimed to have been proven. The defendant offered evidence to prove that the negligence of the driver of the Ford coupe with which the defendant's coach collided was the sole cause of plaintiff's injuries. The court correctly charged the jury that if his negligence was the sole proximate cause of the accident the defendant could not be held liable, and also correctly charged as to the defendant's liability if the jury found that the negligence of each of the drivers was a proximate cause of the accident. It does not appear from the finding that the jury required for their guidance any further instruction upon the question of proximate cause as applied to the facts claimed to have been proven.

The defendant complains of the failure of the court to instruct the jury that the driver of the Ford coupe was bound to anticipate that there might be other

motor traffic following him. The court charged the jury at some length regarding the duty devolving upon the driver of the Ford coupe, and no exception was taken to this portion of the charge. It told the jury that it was his duty, before slackening his speed or coming to a stop, to indicate by timely signal his intention so to do, and that the operator of defendant's bus was justified in assuming that he would do so. In view of this charge as to the positive duty of the driver of the Ford coupe to give a signal, the defendant could not have been harmed by the failure of the court to give a charge, which was not requested, as to his duty to anticipate the presence of other traffic following him.

There is no error.

In this opinion the other judges concurred.