194 So. 831

**STREETMAN v. BOWDON et al.**

6 Div. 407.

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

360

Monette & Taylor, C. W. Taylor, and Erle Pettus, all of Birmingham, for appellant.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellees.

BOULDIN, Justice.

A little boy, between three and four years of age, ran across the street in front of a passing automobile. The child, coming from the left, the driver threw on the brakes, and turned into the curb to the right. A forewheel mounted the curb, the car overturned to the left and caught the child under the body of the car, inflicting personal injuries. The father, suing as next friend, brought suit against the driver and his employer. There was verdict for defendants. Plaintiff appeals.

▮ Among the issues of fact was obstruction of the view of the child until well into the street, thirty feet wide, in that the child ran out from behind a standing motor vehicle, and that a truck passing in the other direction at the same moment further obstructed the view of the driver. The speed of the automobile inflicting the injury was also an issue. We may say here these issues of fact were for the solution of the jury, and their finding is not to be disturbed on any theory of the weight of the evidence. It is easily to be inferred that only a few seconds, probably not more than two seconds, elapsed from the time the child's presence and danger was discovered until the accident happened. Whether the means adopted to avoid striking the child, were reasonable, in the emergency, was for the jury. We cannot say as a matter of law, nor as a clear conclusion of fact, that there was negligence in not giving a warning signal.

▮ Without dispute the accident did not occur at a street crossing or intersection. In discussing the rules of the road applicable to the case, it was entirely within the province of the court to tell the jury there was no evidence that the accident occurred at a street intersection. This was by no means a charge on the effect of the evidence forbidden by statute. Nor was it an invasion of the province of the jury.

The restrictions as to speed of motor cars on the highways then in force appear in Section 1397(53) Michie's Code. The general and inclusive rule appears in Subdivision (a). This, in substance and effect, is a statutory statement of the common law rule of reasonable and proper care in the matter of speed.

▮ The court, in his oral charge, correctly defined negligence as a failure to exercise reasonable care, that care which a person of ordinary prudence would exercise under like circumstances or conditions.

Among the conditions is the fact that an automobile is dangerous to life and limb, and this must be kept in mind by the operator.

▮ The special "speed limits" incorporated in 1397 (53) (b), are expressly made subject to the general rule of Subdivision (a) same section. Subdivision (b) specifies limits within which the speed is prima facie lawful, and beyond which, it is prima facie unlawful.

We approve and reiterate the construction of the statute as a whole, given in McCaleb v. Reed, 225 Ala. 564, 144 So. 28, saying:

"It will be observed that this statute does not make such speed an unlawful act under all circumstances at a place stated in the statute; but that if he drives at a speed not exceeding the rate named it is prima facie lawful. The statute also makes it prima facie unlawful to exceed that speed. But whether it is lawful or not, as stated in section 51(a) ·and (b), depends upon the conditions then existing, so that the speed shall not be dangerous or unsafe.

"The question is one ordinarily for the jury, and the speed limit is not a strict

rule of law, but it is flexible to yield to the circumstances of each case. When the circumstances are shown, the question is one of inference for the jury. The presumption of unlawfulness will then have served its function."

Plaintiff's refused charge 10 reads: "The court charges the jury that if you are reasonably satisfied from the evidence in this case that the alleged accident occurred in a residence district, as the court has defined that term to you, then in that event the speed limit would be 20 miles per hour."

This charge is quite misleading in view of the above statement of the meaning and office of these speed limit rules. It is peculiarly within the rule of our cases that a charge which does not define the effect of a finding of fact, although otherwise correct, is properly refused. Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; Johnson v. Louisville & N. R. Co. 220 Ala. 649, 127 So. 216; Lehigh Portland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97.

Refused charge "X" is subject to same criticism.

The count on which the cause was tried charged simple negligence.

Refused charge 14, based upon § 1397 (51) defining reckless driving, involving wilful or wanton disregard of the safety of others, was properly refused. Other refused charges argued in brief, were subject to criticism above, or were, in substance, covered by the oral charge.

There was no error in giving defendant's written charge 47, which reads: "The court charges you. that unless you are reasonably satisfied from the evidence that Mr. Bowdon did or omitted something on the occasion complained of which a reasonably prudent person similarly situated would not have done and that this proximately caused injury to plaintiff, your verdict should be in favor of the defendant."

Criticism is directed to the words "would not have done" as applicable only to acts of commission. As used in this charge, its natural application is to acts of omission as well.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.