195 So. 210

**ALABAMA BY-PRODUCTS CORPORA-
TION et al. v. RUTHERFORD.**

6 Div. 554.

Supreme Court of Alabama.
March 14, 1940.

Rehearing Denied April 11, 1940.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellants.

Clifford Emond, of Birmingham, for appellee.

THOMAS, Justice.

The trial was had on Count B declaring for simple negligence which embraced subsequent negligence.

The action of the trial court granting a new trial at the instance of plaintiff is challenged by this appeal. The motion for a new trial contained many grounds. From 1 to 10, inclusive, the grounds challenged the sufficiency of the evidence. The order of the court negatived the granting of the new trial on such grounds and rested the new trial on other grounds to be stated. This action of the court was within the thirty day period provided by § 6670 of the Code. The court had the right to grant the new trial on motion or under its inherent power to set aside the judgment for error committed on the trial and within the time if prescribed by law. Batson v. State, 216 Ala. 275, 113 So. 300.

The grounds stressed by plaintiff on the hearing are alleged to have been 19, 23, 24 and 25, 27 and 28. Ground 19 was rested on the giving at defendant-appellants' request charge No. 7, designated as a "sole proximate cause" charge. The count for simple negligence embraced that of subsequent negligence.

The evidence warranted the submission to the jury the issue of subsequent negligence of the driver, who, some distance away, saw the pedestrian crossing the street at the point of collision. It was error to so instruct the jury. Under the conflicts in the evidence, in arriving at a verdict under such instruction and under the issues of simple and subsequent negligence, the jury would be required to consider the initial negligence. And for practical purposes the charge instructed that "initial" will be a bar to "subsequent" negligence. This is not the law. Boyette v. Bradley, 211 Ala. 370, 100 So. 647. It would appear that the giving of the charge for defendant would support the action of the trial court. However, the language of a charge containing the words "if the deceased met his death as the result of an accident solely, your verdict must be for the defendant," was condemned in Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915, 920; Renfroe v. Collins & Co., 201 Ala. 489, 78 So. 395. We do not justify the action of the trial court on the giving of Charge 7 alone.

Ground 23 of the motion presented the action of the trial court in giving at defendants' request Charge 16. The effect of Charge 16 was that a person violating the city code in respects indicated (a mere traffic regulation) was guilty of contributory negligence as a matter of law. The giving of this charge justified the new trial, where the evidence warranted a submission on the issue of subsequent negli-

gence. Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A.L.R. 1173; see Cooper v. Agee, 222 Ala. 334, 132 So. 173; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382.

Charge 19 left to the jury the question whether intestate violated the ordinance, and if he did so, whether such action and violation proximately contributed to the injury and death in question. This charge did not instruct, as a matter of law, that it was contributory negligence for intestate to be or enter on the street as indicated and that this action entered into that result.

The effect of given charges 17 and 24 was to the contrary, instructing that the violation of the city ordinance by intestate rendered him "guilty of negligence as a matter of law." We have indicated that our decisions hold that such ordinances or traffic regulations, passed to better safeguard the traveling public, do not control and that each case is governed by its particular facts. Ivy v. Marx, supra; City of Birmingham v. Blood, supra; Cooper v. Agee, supra.

The action of the trial court in granting the new trial may be justified by the giving for defendant of charges 17 and 24.

Charge 25 employs the language "could not be easily seen", etc. and is in effect that if Mr. Chase could not easily see the plaintiff's intestate, that he could or should not be held liable for striking him because of such circumstances as "it was dark," and "the intersection was poorly lighted," and "intestate was wearing dark clothes." This is a most erroneous charge. It does not exact from the defendant Chase the vigilance of a prudent driver traveling along a highway and relieves him of any duty to a pedestrian who "could not be easily seen," by Mr. Chase. Such a degree of vigilance could not be the measure of whether or not Mr. Chase could easily see intestate by the exercise of reasonable care and diligence, but the proper measure of care and prudence exacted would be that the intestate could not be easily seen by a reasonably prudent person in the exercise of due care and diligence.

The ruling of the trial court in granting a new trial may be further supported by the giving of Charge 25 at defendants' request.

We find no error in the trial court granting the plaintiff's motion for a new trial and the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C.J., and BROWN and KNIGHT, JJ., concur.