199 So. 486

## MOBILE CAB & BAGGAGE CO., Inc., v. AKRIDGE.

### I Div. 94.

Supreme Court of Alabama.

Dec. 19, 1940.

Smith & Johnston and Charles B. Arendall, Jr., all of Mobile, for appellant.

Gordon, Leigh, Leigh & Gordon, of Mobile, for appellee.

THOMAS, Justice.

The appeal presents many questions for review, the most important of which is the giving at the request of plaintiff charges illustrated by Charge H. Said charge follows: "(H) I charge you as a matter of law that it is prima facie negligence for a person to drive a taxi cab or motor car more than fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such approach to such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

There is presented a construction of the rule of the road as contained in General and Local Acts of Alabama, Extra Session 1936, pp. 234–236, which is an amendment to the Acts of 1927, pp. 366–368 (Ala.Code 1928, § 1397(53).

Was the charge in error, when the following excerpts of the amended statute having application are considered: "Section 51. (a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person (b) Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified, it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful. * * *; 3. Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersec-

tion, he does not have a clear and uninterrupted view of such approach to such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection; 4. Fifteen miles an hour in traversing or going around curves or traversing a grade upon a highway when the driver's view is obstructed within a distance of one hundred feet along such highway in the direction in which he is proceeding; * * * ."

It is insisted that Charge H unequivocally states to the jury that it is prima facie negligence for a person to drive a taxi cab more than fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when a clear and uninterrupted view cannot be had; and that under the terms of subdivision (b), it is made prima facie lawful for a driver of a vehicle to drive the same at a speed not exceeding the rates listed under this subdivision. It is further insisted that subdivision (b) also makes it prima facie unlawful for any person to exceed the stated speed limitations, but whether or not a speed in excess of such limitations is unlawful is made to depend upon whether or not, as stated in subdivisions (a) and (b), such speed would be dangerous or unsafe, "having due regard to the traffic, surface and width of the highway and of any other conditions then existing."

Counsel sums up his argument in the following few words: "In practical effect, Charge H instructs the jury that the appellant's taxi cab driver was guilty of prima facie negligence, regardless of whether or not a speed in excess of fifteen miles an hour was the safest speed possible under the circumstances then existing. Such a charge amounts to the substitution of the trial judge's opinion as to what speed would constitute negligence under the circumstances for the opinion of the jury on such question."

Counsel says, in effect, that said charge precludes the jury's decision on said point and prevents it from considering the circumstances existing at the time and place indicated. Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358; Streetman v. Bowdon et al., 239 Ala. 359, 194 So. 831.

We think the question was concluded, and succinctly stated, in McCaleb v. Reed, 225 Ala. 564, 565, 144 So. 28, as follows:

"It will be observed that this statute does not make such speed an unlawful act under all circumstances at a place stated in the statute; but that if he drives at a speed not exceeding the rate named it is prima facie lawful. The statute also makes it prima facie unlawful to exceed that speed. But whether it is lawful or not, as stated in section 51 (a) and (b), depends upon the conditions then existing, so that the speed shall not be dangerous or unsafe.

"The question is one ordinarily for the jury, and the speed limit is not a strict rule of law, but it is flexible to yield to the circumstances of each case. When the circumstances are shown, the question is one of inference for the jury. The presumption of unlawfulness will then have served its function. But were it an unyielding and inflexible rule, the result would not be different, in respect to the right of defendant to the affirmative charge."

To like effect is Brown v. Standard Casket Mfg. Co., supra.

In Streetman v. Bowdon et al., 239 Ala. 359, 194 So. 831, 832, we find the following observation:

"The special 'speed limits' incorporated in 1397 (53) (b), are expressly made subject to the general rule of Subdivision (a) same section. Subdivision (b) specifies limits within which the speed is prima facie lawful, and beyond which, it is prima facie unlawful.

"We approve and reiterate the construction of the statute as a whole, given in McCaleb v. Reed, 225 Ala. 564, 144 So. 28, * * * ."

In view of the circumstances existing at the time and place of the accident, it should have been left to the jury to determine what constituted negligence at such time and in connection with the respective approaches of the two cars. As we understand the case, Johnston v. Weissinger, 225 Ala. 425, 143 So. 464, was not of different effect. It may not be said to be a rule of law as treated in the charge, but a rule of evidence depending upon the reasonable circumstances of time, place and the acts of the two parties. Johnston v. Weissinger, supra, is not in conflict with McCaleb v. Reed, 225 Ala. 564, 144 So. 28.

The case should be reversed under the statute as interpreted in the foregoing decisions, and it, therefore, is so ordered.

Reversed and remanded.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.