10 So.2d 148

**SEITZ v. HEEP.**

8 Div. 167.

Supreme Court of Alabama.

Oct. 8, 1942.

See, also, post, p. 376, 10 So.2d 150.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, and Harris & Harris, of Decatur, for appellee.

Chas. H. Eyster and J. W. Patton, Jr., both of Decatur, for appellant.

BOULDIN, Justice.

The action was for personal injuries received in a collision between automobiles on a public highway. There was verdict for defendant. The court granted a motion for new trial, and defendant appeals.

New trial was granted upon the ground that error had intervened in giving certain written charges requested by defendant.

Whether there was reversible error in the giving of these charges, or any of them, is the inquiry presented by briefs on appeal.

The complaint counted on simple negligence, and on wanton act of defendant as the proximate cause of the collision. The plea was in short by consent in usual form.

The event occurred on U. S. Highway 31, within the town of Hartselle. Three

cars were involved, all registered in other states, and bound for points beyond this state. Mrs. Heep, the plaintiff, was a passenger in a Chevrolet car, owned and driven by her son, Lt. Heep. This car was headed south. Her injury was received in a collision with a Dodge car, headed north, owned and driven by Mr. Seitz, the defendant. His wife was a passenger with him. This car was trailing a Ford car, driven by Mr. Bagby of Kentucky. The collision occurred on a two-way pavement, some 18 feet wide, at a point just south of the entrance to a curve to the left looking north.

Evidence for defendant tended to show the north bound cars had stopped at a traffic light at Main Street several hundred feet south of the point of collision; that they were proceeding at a speed of 20 to 25 or 25 to 30 miles per hour in their lane of travel, well clear of the center line; that the Heep car, south bound, rounded the curve to its right at a speed of 50 to 60 miles per hour, swung across the center line, sideswiped the Ford car, then struck the Dodge car head-on, some 40 feet to the rear of the Ford. Defendant testified he first saw the Chevrolet car about when it reached the Ford, .immediately applied the brakes and came to a near stop some 2 feet east of center line at the moment of the impact. Other evidence tended to show the pavement was wet, that the south bound car slowed down to 30 or 35 miles per hour, and skidded. The rear end of this car struck the side of the Ford.

Evidence tended to show obstructions cutting off the view of the highway on rounding the curve from the north for a distance of much less than 500 feet, probably 150 feet or less; likewise obstructions to the view of a north bound car nearing the curve.

Evidence for plaintiff tended to show the defendant assayed to pass the Ford car, speeded up and entered the lane for south bound cars.

Lt. Heep, among other things, testified that in passing through the town and approaching the point of collision his speed was 20 to 25 miles per hour, that discovering the Dodge car cutting across into his lane of travel, as if to cross the road, he veered to the left with a view of passing between the Ford and Dodge, contacted the Ford about the center line, then the Dodge which at the instant was cutting back toward its lane of travel.

There was much divergence, or conflict in the evidence not to say inconsistence, in the testimony of one or more witnesses.

We would be clearly understood as holding or intimating nothing as to the weight of the evidence. The above merely notes certain tendencies which appear to suffice in considering the written charges under review. Defendant's given charge No. 9 reads: "If you are reasonably satisfied from the evidence in this cause that on the time and occasion of plaintiff's injury, that John Heep was guilty of negligence and that his negligence was the sole and proximate cause of plaintiff's injury, then I charge you gentlemen of the jury, you should return a verdict in favor of the defendant. Endorsed: 'Given, Seybourn H. Lynne, Judge.'"

Given charges 8 and 11 were to like effect. The giving of each of these charges, was, on motion for new trial, held error, and ground for new trial. These are of the class of "Sole proximate cause" instructions, which have been frequently considered by this court.

In Birmingham Railway, Light & Power Co. v. Ely, 183 Ala. 382, 397, 62 So. 816, such charge was held proper and its refusal error.

In Karpeles v. City Ice Delivery Co., 198 Ala. 449, at page 453, 73 So. 642, giving such charge was held free from error.

In Roberts v. Louisville & Nashville Railroad Co., 237 Ala. 267, 269, 186 So. 457, 460, we held the act of the driver was the "sole proximate cause" of the injury under the evidence without conflict, and the affirmative charge was due.

See, also, 38 Am.Jur. p. 1080, § 366; Mazziotte v. Bridgeport & Waterbury Passenger Service, 116 Conn. 32, 163 A. 409, 87 A.L.R. 908.

Other cases, later than the Karpeles case, supra, disapproved such instructions, where an issue of wantonness or subsequent negligence was presented by pleadings and proof.

In Boyette v. Bradley et al., 211 Ala. 370, 100 So. 647, 652, the former cases were reviewed by the whole court, and in a majority opinion it was held: "It may be urged, in justification of the giving of these charges, that before the jury might return a verdict for defendants under instructions therein contained (1) they must ascertain and be reasonably satisfied from the evidence that there was no subsequent

negligence or wanton conduct of defendants' agent that proximately contributed to the injuries for which the suit is brought, and from this lack of subsequent negligence and of wantonness (2) must find that the negligent act of plaintiff's driver, in driving the automobile onto or in close proximity to the car track, was the 'sole proximate cause' of the automobile being struck and producing the immediate consequent injuries and damages for which the suit was brought. The sufficient answer to this is that in arriving at a verdict under such instructions and the respective issues of negligence and wantonness, the jury would be required to consider the initial negligence of plaintiff's driver in the premises, and in so doing, to all practicable purposes, that initial negligence will be made a bar to the recovery under the subsequent negligence and wanton counts. The initial negligence of plaintiff's driver may not be a bar to a recovery for defendants' subsequent negligence nor to their wanton act or omission. There was error in giving the 'sole proximate cause' charges."

This holding, approving Renfroe v. Collins & Co., 201 Ala. 489, 78 So. 395, and Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915, has been followed in our later cases. McBride v. Barclay, 219 Ala. 475, 122 So. 642; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553; Alabama By-Products Corp. v. Rutherford, 239 Ala. 413, 195 So. 210. See, also, Williams v. Wicker, 235 Ala. 348, 179 So. 250; Honeycutt v. Birmingham Electric Co., 236 Ala. 221, 181 So. 772; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

This ruling is again challenged by appellant as unsound.

■ It cannot be questioned that such charge is technically an exact statement of the law applicable to the case at bar as presented by tendencies of the evidence. If the negligence of the driver of the car in which plaintiff was a passenger was the "sole and proximate cause" of the collision and consequent injury no wanton act or subsequent negligence of defendant could have been a proximate cause, exclusive or concurrent. The rule we have declared can rest only on the view that such charge centers the attention of the jury on initial negligence of the driver of the car in which plaintiff was a passenger, and, for practical purposes, leads them to disregard issues of wantonness or subsequent negligence of defendant submitted to the jury under other and proper instructions. If the matter were of first impression, this writer would treat such charge as misleading at most, and therefore, subject to refusal without error as in Lindsey v. Kindt, supra.

The court, however, adheres to the rule of Boyette v. Bradley et al., now often approved.

■ We are of opinion there was some evidence warranting a submission to the jury of the issues under the wanton count.

If an experienced motorist on a two-lane trunk highway suddenly and needlessly attempts to pass a car going in the same direction at a point where one is about to enter a curve, and the view is so obstructed that, while looking ahead, he does not discover a car approaching in the opposite direction until within less than 100 feet, it cannot be said no reasonable inference can be drawn of a conscious knowledge of probable danger to others moving in their lane of travel, which he has intentionally blocked. Two cars approaching each other at a speed of 30 miles per hour each move 88 feet per second. Some evidence tended to show conditions as just outlined. Whether true or not, was for the jury.

Other charges given for defendant, and held error on motion for new trial, are set out in assignments of error 6 and 7. These deal with speed rules, General Acts 1927, Section 51(a)(b), pages 366–368 (Michie's Code, 1397(53) subd. (a) and (b). They need be considered only for purposes of another trial. Suffice to say we find no sound reason to depart from the construction of these rules of the road declared in McCaleb v. Reed, 225 Ala. 564, 144 So. 28; Mobile Cab & Baggage Co. v. Akridge, 240 Ala. 355, 199 So. 486; Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358; Streetman v. Bowdon, 239 Ala. 359, 194 So. 831.

Affirmed.

All Justices concur.