91 So.2d 236

**Dewey L. LEMONS, as Administrator,**

**v.**

**Billy ALLISON.**

8 Div. 880.

Supreme Court of Alabama.

Nov. 29, 1956.

H. T. Foster and John B. Tally, Scottsboro, for appellant.

---

1. Ante, p. 328.

**348**

Scott, Dawson & McGinty, Scottsboro, for appellee.

LAWSON, Justice.

This is a suit under the homicide statute, § 123, Title 7, Code 1940, by appellant, as administrator of the estate of B. L. Lemons, deceased, against appellee to recover damages for the alleged wrongful death of the intestate.

The case was submitted to the jury on Counts 1 and 1A charging negligence, Counts 2 and 2B, charging willful or wanton conduct, and on the plea of the general issue and on four special pleas of contributory negligence. There was jury verdict for the defendant, Billy Allison. The judgment was in accord with the verdict. Plaintiff's motion for new trial was overruled and he has appealed to this court.

A. J. Knight, the Sheriff of Jackson County, who investigated the accident, was called as a witness on behalf of the plaintiff. He testified that a comparatively short time after the accident while talking with the defendant, Billy Allison, he detected an odor of intoxicating liquor on the defendant's breath; that thirty or forty minutes after the accident, while he was talking with the defendant in the sheriff's office, the defendant admitted that he had drunk some wine on the morning of the accident and the defendant became nauseated in the office during the course of the interrogation. During the direct examination of Sheriff Knight, counsel for the plaintiff asked the following question of the witness: "Did he say anything about the temperature of the room, or anything of that sort?" Counsel for the defendant objected on the ground that "it is irrelevant, incompetent and immaterial, and throws no light on any of the issues involved in this case." Counsel for the plaintiff replied: "It is a question of his intoxication, Your Honor." The trial court sustained the objection interposed by counsel for the defendant and exception on behalf of the plaintiff was duly noted. It is insisted here that this ruling of the court made the basis of Assignment of Error 9 constitutes reversible error. We cannot agree. Even if it be assumed that a statement made by the defendant concerning the temperature of the sheriff's office at a time forty minutes after the accident occurred would be evidence of his intoxication at the time of the accident, we feel that the evidence plainly shows that the defendant had been drinking prior to the accident and that we cannot say after an examination of the entire cause that it appears that the ruling here complained of, if erroneous, probably injuriously affected a substantial right of the plaintiff. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix. Moreover, the question to which the objection was sustained is a leading question and while the defendant did not object on that ground, we would not put the trial court in error in sustaining the objection.

In his seventh assignment of error the appellant charges that the trial court erred in giving at the request of the defendant written Charge 54, which reads:

"I charge you, gentlemen of the jury, that under the law of the State of Alabama the burden of proof is on the plaintiff in this case to show by unbroken sequence of cause and effect that the alleged negligence or the alleged wanton conduct of the defendant Billy Allison was the proximate cause of the accident complained of, and I further charge you, gentlemen of the

jury, that where the evidence leaves it uncertain as to whether the cause of the accident was something for which the defendant Billy Allison was responsible or something for which he was not responsible, then there is a failure of proof, and unless each individual juror is reasonably satisfied from the evidence in this case that negligence or wanton conduct on the part of the defendant Billy Allison was the proximate cause of the accident, then you cannot return a verdict in favor of the plaintiff and against the defendant, Billy Allison."

We see no escape from the conclusion that the giving of Charge 54, quoted above, at the request of the defendant requires a reversal of the judgment. Charge 54 is in all material respects the same as Charge 17 given at the request of the defendant in the case of Hill Grocery Co. v. Wilson, Ala., 89 So.2d 687,[1] in which case we upheld the action of the trial court in granting a new trial on motion of plaintiff because of the giving of Charge 17. Charge 54, like Charge 17 in Wilson v. Hill Grocery Co., supra, places too high a degree of proof upon the plaintiff. Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, and cases cited.

■ The remaining assignments of error relate to the action of the trial court in giving certain written charges at the request of the defendant, all of which relate to the alleged contributory negligence of the deceased. In view of the fact that this cause must be reversed because of the giving of written Charge 54, we pretermit any detailed discussion of the charges the giving of which is made the basis of assignments of error 1–6. However, in view of another trial we deem it wise to point out that subsequent negligence can be the basis of recovery under a count which charges simple initial negligence. Louisville & N. R. Co. v. Abernathy, 192 Ala. 629, 69 So. 57; Heffelfinger v. Lane, 239 Ala. 659, 196 So. 720; Kendrick v. Birmingham Southern

R. Co., 254 Ala. 313, 48 So.2d 320; Louisville & N. R. Co. v. Johns, 258 Ala. 440, 63 So.2d 574.

We also make reference to some of the cases treating "sole proximate cause" charges and charges which relate to contributory negligence of the plaintiff where the evidence was sufficient to go to the jury as to subsequent negligence. See Seitz v. Heep, 243 Ala. 372, 10 So.2d 148, and cases cited; Boyette v. Bradley, 211 Ala. 370, 100 So. 647; Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200.

Because of the giving of Charge 54, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.