104 So.2d 755

S. T. SHEPHERD, d/b/a S. T. Shepherd Construction Company, et al.,

v.

I. V. JOHNSON.

6 Div. 845.

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied Aug. 28, 1958.

**70**

Jones, McEachin & Ormond and Marvin T. Ormond, Tuscaloosa, for appellants.

Ward McFarland and de Graffenried, de Graffenried & de Graffenried, Tuscaloosa, for appellee.

GOODWYN, Justice.

The appellee-plaintiff, suing as the father of his 19 year old deceased son, James Bruce Johnson, pursuant to Code 1940, Tit. 7, § 119, brought suit in the circuit court of Tuscaloosa County against appellants to recover damages for the son's wrongful death. The complaint also contains a count seeking the recovery of damages for the demolishment of plaintiff's automobile truck. The jury returned a verdict in favor of the defendants and judgment was rendered accordingly. Thereupon the plaintiff filed a motion to set aside the verdict and judgment and grant him a new trial, assigning 45 grounds in support thereof. The trial court granted the motion without specifying which of the grounds it thought justified the ruling. This appeal is brought by the defendants from the judgment granting said motion.

■ If the court's action in granting the motion was justified on any ground set forth in the motion, the judgment setting aside the verdict and judgment should be affirmed. Ford v. Sellers, 257 Ala. 404, 405, 59 So.2d 799; Birmingham Electric Co. v. Toner, 251 Ala. 414, 419, 37 So.2d 584; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Lindsay Products Corporation v. Alabama Securities Corporation, 247 Ala. 662, 663, 25 So.2d 852; W. M. Templeton & Son v. David, 233 Ala. 616, 617, 173 So. 231.

One of the grounds of the motion was that the court erred in giving the following written charge at defendants' request:

> "D–18. Gentlemen of the jury, I charge you that if you find from the evidence that the sole proximate cause of the accident was the negligence of James Bruce Johnson in operating plaintiff's truck immediately before and at the time of the accident, then you cannot return a verdict for the plaintiff but must find for defendants."

We are constrained to hold that this ground was good and justified the granting of the motion.

Charge D–18 is what is referred to in our cases as a "sole proximate cause" charge. This court has held that the giving of such a charge is error when an issue of subsequent negligence is presented by the pleadings and proof. Mobile Cab & Baggage Co. v. Armstrong, 259 Ala. 1, 3, 65 So.2d 192; Seitz v. Heep, 243 Ala. 372, 374–375, 10 So.2d 148; Alabama By-Products Corporation v. Rutherford, 239 Ala. 413, 415, 195 So. 210; Boyette v. Bradley, 211 Ala. 370, 375, 100 So. 647. In Birming-

ham Electric Co. v. Carver, 255 Ala. 471, 475, 52 So.2d 200, 204, the charge under consideration was not a "sole proximate cause" charge. However, such charges are discussed. The writer of the opinion expresses his individual disapproval of the rule that it is error to give such a charge when there is an issue of subsequent negligence, but the opinion states that "it is not necessary to make any modification of those opinions as they have been reaffirmed by this Court time and again, with the whole Court considering the question."

In this case the complaint, as it went to the jury, consisted of Count One A, claiming damages for the son's wrongful death, and Count Three, claiming damages for demolishment of plaintiff's truck. Both counts charge defendants with simple initial negligence. The defendants interposed special pleas of recoupment, alleging damage to their truck and seeking recovery therefor. Issue was joined by a plea of the general issue in short by consent, with leave to the defendants "to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded."

Under our system of pleading, "subsequent negligence can be the basis of recovery under a count which charges simple initial negligence." Lemons v. Allison, 265 Ala. 347, 349, 91 So.2d 236, 238; Louisville & N. R. Co. v. Johns, 258 Ala. 440, 448, 63 So.2d 574; Kendrick v. Birmingham Southern Ry. Co., 254 Ala. 313, 319, 48 So.2d 320; Alabama By-Products Corporation v. Rutherford, supra; Gardiner v. Solomon, 200 Ala. 115, 118, 75 So. 621, L.R.A.1917F, 380; Louisville & N. R. Co. v. Abernathy, 192 Ala. 629, 633, 69 So. 57. And we think there was sufficient evidence on the issue of subsequent negligence to carry it to the jury. In fact, the trial court, in its oral charge, dwelt on the issue of subsequent negligence and submitted that issue to the jury.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.