278 So.2d 358

**Derrill V. SMITH**

**v.**

**Sydney K. DILLARD.**

**SC 107.**

Supreme Court of Alabama.

May 10, 1973.

Rehearing Denied June 7, 1973.

Zeanah, Donald & Lee and Wilbor J. Hust, Jr., Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

MERRILL, Justice.

This appeal is from a decree establishing a boundary line between the parties and vesting title in the ownership of the disputed property, .26 of an acre in the complainant-appellee.

This is one of those unfortunate instances where ill feeling between the parties has caused extensive litigation over approximately one-fourth of an acre which, under the undisputed testimony, was "low, wet, overgrown and snaky." Many witnesses testified and the record here is a two-volume transcript.

The disputed strip is in the NW corner of the SW ¼ of NW ¼ of Section 17, west of the Shirley Bridge Road, north of Poole Branch and contains .26 acres.

Conceding that this map is not drawn to scale, we insert it to help clarify the situation:

[7662]

Appellee Dillard owned the SE ¼ of NE ¼ of Section 18 and a strip off the west side of the SW ¼ of the NW ¼ west of the public road in Section 17, Township 20, Range 11, containing 5 acres more or less, being the same land conveyed to J. W. Sartain by W. W. Sartain and wife by recorded deed in their chain of title. Appellee contends that the disputed strip is the north end of this description while appellant contends that appellee owns land north of Poole Branch in Section 17.

Appellant purchased the M. E. Vaughn homeplace from H. V. Smith (his father) in 1948 and the description in his deed reads:

"The Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section 17, Township 20, Range 11 West, situated in Tuscaloosa County, Alabama. It being the intention to convey the forty

acres more or less on which the old home site of Mrs. M. E. Vaughn is located and being the place adjoining the home place of H. V. Smith where he now resides whether properly described or not."

It will be noted that the deed does not mention any land in the SW ¼ of NW ¼ of Section 17 and even though appellant built his house on that forty in 1948, the only paper title appellant has is that it was part of the "old home site of Mrs. M. E. Vaughn." There is no contest in this case of appellant's ownership of the land where his house is located. It is undisputed that the H. V. Smith home place is south of Poole Branch and the M. E. Vaughn land is north of the branch where it adjoined the H. V. Smith home place.

The trial court wrote a full and comprehensive opinion, tracing the title of each of the parties, making several findings and decreed that the appellee was the owner in fee simple of the .26 acres, and that the true and correct boundary line was as follows:

"The Shirley's Bridge Road being the East boundary line of Complainant's property and the West boundary line of Respondent's property where said road passes through the Southwest Quarter of the Northwest Quarter of Section 17, Township 20, Range 11 West; and the North boundary line of the Southwest Quarter of the Northwest Quarter of said Section 17, Township 20, Range 11 West being the North boundary line of Complainant's property in said Section 17, all being in Tuscaloosa County, Alabama."

Appellee's father had owned the Dillard property before he sold to appellee, and his father lived there for over twenty years. He purchased the land from his father in April, 1970, and shortly thereafter, appellant's wife told him that the contested strip was Smith land. He then employed E. L. Hendrix, a surveyor, to run his lines, and while they were running the lines, appel-lant came down, cursed him, ordered him off the property and, according to appellee, appellant said, "I'll kill you if you don't get off." Appellant later testified that he was mad "and I did threaten him."

We quote some of the findings of the trial court:

"The Court further finds that the property heretofore described as having been purchased by the Complainant, Sydney K. Dillard, from his father, O. D. Dillard, was purchased by the said O. D. Dillard from one Walter B. Spencer and wife, Janie Guy, by Deed dated February 15, 1941, and recorded in said Probate Office in Deed Book 224, Page 267. The said Walter B. Spencer, also known as Walter Burris Spencer, was a witness at the trial of this case and testified on behalf of Complainant, Sydney K. Dillard.

"The Court also finds that the said Walter B. Spencer purchased all of said property conveyed to said O. D. Dillard, along with other property, from Mrs. Mary H. J. Ward, by deed dated January 11, 1937, and recorded in said Probate Office in Deed Book 178, Page 505, and went into possession shortly thereafter, and while in possession and before conveying the property described in the deed to said O. D. Dillard dated February 15, 1941, he had one Scott Eads, a surveyor of Tuscaloosa County, Alabama, to run the lines on his property and set and mark the corners, including the corners of the property that he later sold to said O. D. Dillard, and that he pointed out these corners to O. D. Dillard, including the Northwest corner and also the Northeast corner, both being marked by an iron pipe, of the Parcel in Controversy; and the Court further finds that the Northwest corner of this Parcel in Controversy (containing 0.26 of an acre), was the Northwest corner of the Southwest Quarter of the Northwest Quarter of said Section 17, and the Northeast corner of the said Parcel in Controversy was located where the North boundary line of said Southwest Quarter of the Northwest Quarter of said Section 17 intersected the west

margin of the Shirley's Bridge Road; that witness Spencer and said O. D. Dillard walked over this property and these particular corners were pointed out to Mr. O. D. Dillard when he purchased the property above mentioned from said Spencer; that the said Walter B. Spencer was in actual possession of all the property he sold to said O. D. Dillard in said deed of February 15, 1941, including the property lying west of Shirley's Bridge Road and north of Poole's Branch to the North Quarter Section line of said Southwest Quarter of the Northwest Quarter of said Section 17.

"The Court further finds that said corners and markers as set by said surveyor, Scott Eads, and as shown by the said Walter B. Spencer to said O. D. Dillard, were later located and confirmed by a survey made and prepared by witness, E. L. Hendrix, a qualified and duly registered surveyor in Tuscaloosa County, Alabama, dated September 29, 1970, said survey having been offered in evidence by Complainant and admitted as Complainant's Exhibit 13, and this survey showed that the said 'strip off of the west side of the Southwest Quarter of the Northwest Quarter of Section 17 west of the public road containing 5 acres, more or less', actually contains approximately two and one-half (2½) acres, and also that the Parcel in Controversy is bounded on the East by the Shirley's Bridge Road, on the North by the North boundary line of said Southwest Quarter of the Northwest Quarter of said Section 17, on the West by the West boundary of said Southwest Quarter of the Northwest Quarter of said Section 17, and on the South by Poole's Branch.

\*    \*    \*    \*    \*    \*

"The Court further finds that Complainant, Sydney K. Dillard, and his predecessors in title through Walter B. Spencer, have been in possession of all of the property described in said deed of Walter B. Spencer to O. D. Dillard, dated February 15, 1941, continuously and claiming same as their own, and during all of this time

the taxes on the property which said O. D. Dillard acquired from Walter B. Spencer, and Complainant acquired from his father, said O. D. Dillard, including the Parcel in Controversy, have been assessed and paid by them, and they have possessed and claimed to own all the same, including the Parcel in Controversy, during all of this time.

\*    \*    \*    \*    \*    \*

"The Court further finds that the said H. V. Smith and his son, Derrill V. Smith through his deed from his father, dated June 14, 1948, occupied and claimed that portion of the Southwest Quarter of the Northwest Quarter of Section 17, Township 20, Range 11 West, North of Poole Branch and East of the Shirley Bridge Road, which was then and for many years prior thereto in existence and a much traveled public road.

"The Court also finds that Respondent constructed a house, which was his home, on this portion of the Southwest Quarter of the Northwest Quarter of said Section 17 North of Poole Branch, and East of the public road (Shirley Bridge Road), but that Respondent has never assessed or paid any taxes on any portion of the Southwest Quarter of the Northwest Quarter of said Section 17, Township 20, Range 11 West, though in 1959 and subsequent years Respondent has assessed the Northwest Quarter of the Northwest Quarter of said Section 17, and has also assessed a four room frame house, and he has never to this date assessed any portion of the Southwest Quarter of the Northwest Quarter of Section 17. However, the Court is of the opinion and finds that he has claimed to own and occupied that portion of said Southwest Quarter of the Northwest Quarter of said Section 17 North of Poole Branch and East of the Shirley Bridge Road, and has his home built thereon; but that he has never occupied that portion of said Southwest Quarter of the Northwest Quarter of Section 17 North of Poole Branch and West of Shirley Bridge Road, being the 0.26 acre in controversy."

We note again that appellant's deed, and the deed to his father, referred to the old home site of Mrs. M. E. Vaughn as "being the place adjoining the home place of H. V. Smith where he now resides." It is undisputed that the H. V. Smith property in its entirety is *east* of the Shirley Bridge Road and it does not adjoin the Vaughn property anywhere on the west side of the road. But it is agreed by all that all the disputed property lies *west* of the road and no part of it adjoins the H. V. Smith land.

The evidence is undisputed that the Dillards have assessed the disputed property and paid taxes on it since appellee's father purchased the property in 1941. There was no evidence that appellant had paid any taxes on this property. Appellant also testified that although he purchased the Vaughn place from his parents in 1948, he did not record his deed until 1958.

The evidence as to possession of the disputed .26 acres was hopelessly in conflict. Each party adduced evidence as to some possessory acts. We do not attempt to weigh the evidence; that was done by the trial court.

■ What this court said in Jones v. Wise, 282 Ala. 707, 213 So.2d 914, is applicable here:

"A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such case the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Greif Bros. Cooperage Corp. v. Sawyer, 269 Ala. 513, 114 So.2d 259; Salter v. Cobb, 264 Ala. 609, 88 So.2d 845. And where the trial court sees and hears the witnesses testify, its findings which determine questions of fact will not be disturbed on appeal unless plainly wrong. Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Early v. Beavers, 277 Ala. 78, 167 So.2d 161. We cannot say that the trial court's conclusion in this cause was plainly wrong."

See also Kittrell v. Scarborough, 287 Ala. 155, 249 So.2d 814, and Morris v. Morris, 290 Ala. 41, 273 So.2d 203.

■ There was sufficient evidence before the trial court to sustain the decree. This disposes of all argued assignments of error except assignment 4.

Assignment of error 4 charges that the court erred in sustaining an objection to a question propounded to appellant's witness, Redd, which was: "And both of them told you that that was the line?"

To furnish some background, we copy the following from the record:

"Q And you cut timber for Mr. H. V. Smith all the way down to the Pool Branch?

"A Yes, sir.

"Q And when you cut timber for Mr. Dillard, then did you cut on his side all the way up to Pool Branch?

"A Yes, sir. He would pick it and we cut the cordwood and we pulled it out, you know, by mules and sawed it up because we did not put no tree tops on either side at all, because they said that was the line.

"Q And both of them told you that that was the line?

"MR. deGRAFFENRIED: We object. Mr. Dillard is deceased; he's not here to deny it.

"THE COURT: Sustain."

The "both of them" in the question and the "they" in the answer immediately preceding the question refers to H. V. Smith, the father of appellant, and O. D. Dillard, the father of appellee. Both H. V. Smith and O. D. Dillard were deceased at the time of the trial.

■ The exclusion of a question seeking mere repetition of facts already stated by the witness is not error. Killian v. Ev-

**102**

erett, 262 Ala. 434, 79 So.2d 17, 19A Ala. Dig., Witnesses, ☞245.

It is noted that the witness had already testified that "they said that was the line." Moreover, on cross-examination of the same witness, he testified:

"* * * No, sir. I cut from the road down, the road down and they told me that the branch was the line and we did not cut no timber and we didn't cut no trees on the line at all."

Assuming without deciding that the trial court erred in sustaining the objection, it is harmless error for the trial court to exclude evidence where such evidence was admitted at another time and in another forum. Decker v. Hays, 282 Ala. 93, 209 So.2d 378; Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548, 2A Ala.Dig., Appeal & Error, ☞1058(1)(2).

■ A trial court will not be put in error for sustaining an objection to an objectionable question even though a proper objection was not stated. Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80; Lemons v. Allison, 265 Ala. 347, 91 So.2d 236.

The question to which objection was made was clearly repetitious, and in its form was leading and suggestive.

■ Where the question to which objection was sustained was a leading question, and though the adverse party did not object on that ground, this court would not put the trial court in error in sustaining the objection. Lemons v. Allison, 265 Ala. 347, 91 So.2d 236; Campbell v. Laningham, 274 Ala. 138, 145 So.2d 824.

No reversible error on the part of the trial court has been presented.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.