296 So.2d 909

**Bessie Ingraham PERRYMAN**

**v.**

**Jimmie Lee PERRYMAN, Sr.**

**Civ. 311.**

Court of Civil Appeals of Alabama.

June 28, 1974.

**10**

George H. B. Mathews, Montgomery, for appellant.

J. B. Nix, Jr., Evergreen, for appellee.

BRADLEY, Judge.

On April 18, 1972 appellant here, after a twenty year marriage, filed a complaint in the Circuit Court of Conecuh County seeking a divorce on the ground of cruelty. The appellee here filed an answer and cross-bill seeking a divorce on the ground of incompatibility of temperament. After hearing the case ore tenus the trial court divorced the parties for the cruelty of the husband, awarded custody of a fifteen year old son to the appellant, and required the appellee to pay $15.00 per week as child support. It also directed that the appellee have title to the home and four acres, that appellant was to receive title to forty acres of unimproved land in Conecuh County, that she was to receive an undivided one-half interest in a house and lot located in Mobile, Alabama, and that appellee was to receive six acres of unimproved land in Conecuh County, Alabama. Appellant also was awarded most of the furnishings and furniture in the home along with $3,000 in cash. Appellant received $500 as an attorney's fee. No alimony was awarded.

The evidence showed that appellant was a teacher in Evergreen High School and earned about $6,000 a year. She also owns a 1970 automobile on which is owed about $500. The appellee was a contractor-builder of houses and churches. His income

was $75 per week from his business and $70 per month from a government pension. He also stated that the two houses he was building would return a profit of $500 per house, and a church that he was building would return a ten percent profit. The cost of the church was estimated at $15,000. Appellee was also the owner of a pickup truck, a larger truck, a 1972 Oldsmobile, and all the construction tools necessary to pursue his trade as a builder.

Appellee lived in a trailer on the home place, which property adjoined his father's property.

The evidence showed that the parties had marital difficulties in the later years of their married life which culminated in the final separation of the parties on April 14, 1972. This separation resulted from a physical attack on appellant by appellee. Following the assault, while still attired in her night clothes, appellant was forced by appellee at the point of a gun to leave their house.

There was conflicting testimony as to how much appellee contributed to the family's support and the education of his children, but he did state that he usually gave them what they needed.

Appellant states that the trial court erred in failing to award the home place to her or in lieu thereof to award her alimony. The amount awarded for support of the minor child is also deemed to be inadequate.

As to the disposition of the property, appellant says that the trial court did not comply with Title 34, Section 32, Code of Alabama 1940, as Recompiled 1958, which requires the court to be as liberal in its award to the wife as the husband's estate will permit where the misconduct of the husband led to the divorce.

In cases of this sort, where the trial court hears the evidence orally, the findings have the effect of a jury's verdict and will not be disturbed on appeal unless

palpably wrong. Baldwin v. Odom, 291 Ala. 129, 278 So.2d 713; Smith v. Dillard, 291 Ala. 96, 278 So.2d 358.

The evidence shows that appellant received title to forty acres of land which was partly in growing timber, an undivided interest in a house and lot in Mobile which was valued at between $10,000 and $12,000, all the household furnishings, and $3,000 in cash. Appellee received the home place and four acres of land, which four acres had been given to appellee by his father, plus six acres of land on which there was a mortgage equal to the value of the land. Appellant was earning around $6,000 a year and appellee's earnings appeared to be around $5,000 to $6,000 a year.

In this state of the evidence we cannot say that the trial court was palpably wrong in not awarding the appellant the home place.

The other contention of appellant is that the award for child support is insufficient.

We said in Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911, that:

"The amount of child support to be granted either upon original decree or upon petition for modification rests within the sound discretion of the court after consideration of the needs of the child and the ability of the parent to pay. . . ."

The evidence shows that this is the only child that lives with appellant, and appellee stated that he gave money to his children whenever they asked him and he would continue to do so.

After a careful consideration of appellee's financial situation and the other factors surrounding this matter, we cannot say the trial court abused its discretion in the amount of child support awarded in this instance. However, should future circumstances change, the child's custodian

could request the trial court to alter the support previously awarded.

No reversible error having been argued, the trial court's judgment is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.