## Samuel H. McClintock v. Edna Joyner.

1. Landlord and Tenant. *Right to renew lease. Assignment.*
   The right of a tenant to renew a lease is assignable.

2. Same. *When exercisable.*
   Unless the right of a tenant to renew a lease is limited by the
   grant, or terminated by the parties, it may be exercised at any
   time during the original term.

3. Same. *Landlord's right to terminate.*
   A landlord may demand of a tenant, during the term, the exercise
   of a right to renew the lease; and if not exercised on demand,
   the right will be terminated.

From the circuit court of Washington county.

Hon. F. A. Montgomery, Judge.

McClintock, the appellant, was the plaintiff in the court
below; Mrs. Joiner, the appellee, was defendant there. The
facts are stated in the opinion of the court.

*Griffin & Larkin*, for appellant.

The lease should not be construed to be "a personal privilege"
in J. W. McClintock, the original lessee, which could not be
assigned. The lease contains no restrictions or limitations
whatever. "The right of renewal constitutes a part of the ten-
ant's interest in the land, and, unless restricted, may be sold or
assigned by him, and the benefit of the covenant pass to the
assignee and may be enforced by him." 2 Wood's Landlord
and Tenant, sec. 413.

Appellant is entitled to recover whatever damages he may have sustained, and this is a matter of proof. It was not necessary to give appellee notice of the assignment by the lessee to the appellant prior to her wrongful disposition of the land. There was no provision in the lease prohibiting the assignment. 2 Wood's Landlord and Tenant, sec. 413.

The declaration shows that, before the expiration of the lease, the appellant, as assignee, requested the renewal and offered to perform his part of the contract.

*J. H. Wynn,* for appellee.

In this case there was no execution of any lease by the appellee, but simply a letter addressed to J. W. McClintock proposing to execute a lease. There was no written acceptance by either J. W. McClintock or appellant.

Where both sides of the contract are executory there is, all other considerations apart, no contract at all. 1 Reed on Statute of Frauds, sec. 363.

Part performance in this state does not avoid the statute of frauds.

The filing of a suit to recover damages cannot be held to be an acceptance in writing, and if it could be so held the court will note that the declaration was not filed until November 7, 1899, seven days after the alleged expiration of the alleged original lease, and a long time after the appellee had leased the property to another party.

But if appellant's contention that there was a lease be true still he cannot recover, for it is *damnum absque injuria.* If there was a valid, binding contract, why did he not remain in possession, and how did the leasing of the premises to another party injure him? He could have said to such other party, "I am in possession under a valid contract, and intend to hold possession, and the lease by the appellee to you is waste paper." If he was under a valid contract, he had the right to stay, and the action of the appellee did not injure him in the least.

Terral, J., delivered the opinion of the court.

The appellee addressed to the assignor of appellant the following letter:

"Belzoni, Washington County, Miss., Nov. 1, 1896.
"J. W. McClintock:

"Dear Sir—In consideration of the monthly payment of twenty dollars payable on the first day of each month, I will lease you my two-story frame storehouse on lot number five, north of Main street, for a term of three years, commencing with the first day of November, 1896, and with the privilege of your renting for a second term of three or five years at the same price, the above being the same storehouse built by R. L. Edwards during the months of September and October, 1896.

"Edna Joyner."

J. W. McClintock accepted said lease by entering into the occupation of said storehouse. He paid the rent as required until the 16th day of August, 1899, when, in consideration of $100 he sold and transferred by writing his title and interest in said lease to S. H. McClintock, who, having complied with all the conditions of said lease, and before its expiration, demanded of Mrs. Joyner a renewal of said lease for five years. This request Mrs. Joyner refused, though she had notice of the assignment of said lease to him, and of his wish to renew the same before its expiration. McClintock sued Mrs. Joyner for breach of contract in the sum of $500. A demurrer to the declaration was sustained, and McClintock appeals. The declaration states a good cause of action, and the demurrer should have been overruled.

The right of renewal is often a valuable right, and it seems to have so proved in this case. The right of renewal constitutes a part of the tenant's interest in the land, and may be sold and assigned by him, and the benefits of this right may be enforced by the assignee. Wood's Landlord & Tenant, p. 675.

Mrs. Joyner, of course, might have limited the time in which McClintock could exercise his privilege of renewal, but not having done so, his option continued during his tenancy, and could not have been determined until the expiration of his tenancy unless Mrs. Joyner had called upon him to exercise or decline his privilege at an earlier period. *Moss* v. *Barton,* 35 Beavan, 197; *Hersey* v. *Giblett,* 18 Beavan, 174; Woodfall's Landlord & Tenant, * 369.

Mrs. Joyner, having deprived the plaintiff of a valuable right purchased of her, the damage arising to him on that account should be borne by her.

*Reversed, demurrer overruled, and remanded.*