# Blanks *v.* Moore.

*Action upon a Promissory Note.*

1. *Pleading and practice; unnecessary for replication to show interest of plaintiff in written instrument when such facts shown by special plea so replied to.*—In a suit on a promissory note, given for the premium on an insurance policy, where the special plea sets up failure of consideration and false representation by the plaintiff, who was the agent of the insurance company, as to the provisions which the policy was to contain, a replication setting up estoppel, and which avers that at the time of the execution of the note, the defendant signed a written application for the insurance, in which he agreed that said application and policy should constitute the entire contract, and stipulated that no statement or promise of the agent of the company should be binding unless reduced to writing, is not subject to demurrer, upon the ground that it fails to show that the plaintiff was a party or privy to said contract of insurance; the averments of the special plea being sufficient to show plaintiff's privity of interest.

2. *Same; written contract; can not be varied by parol agreement.* A contract in writing can not be contradicted or varied by contemporaneous parol agreement; and a replication to a plea, which shows that the defense set up in the plea was an attempt to vary or contradict by parol evidence a written contract, is a sufficient answer to said plea, and is not subject to demurrer.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

This action was brought by the appellee, E. L. Moore, against the appellant, James M. Blanks, and counted upon a promissory not for $370.36, executed by the defendant to the plaintiff.

The defendant filed several special pleas which were afterwards withdrawn. He then filed special pleas num-

bered 9 and 10, which set up failure of consideration and false representation by the plaintiff in obtaining the execution of the note sued upon.

The 9th plea alleged in substance that the note was given for the first premium on two life insurance policies to be issued by the State Mutual Life & Annuity Association of Rome, Georgia, of which association the plaintiff was agent; that in soliciting the defendant and his wife to take said insurance policies the plaintiff told the defendant that said policies would contain a provision which would provide and guarantee a reduction in the amount of the premiums to be paid, so that after eleven years the annual premium on both policies together would not be more than eighty dollars; that it was upon this agreement that the defendant executed the note sued on for the first premiums on said policies before the policies were delivered; that upon the delivery of the policies the defendant, upon reading them, ascertained that they did not contain the provision as to the amount of the premium to be paid on said policies after eleven years, but provided an annual premium of $175.62 and $154.74, respectively, to be paid for twenty years, and upon making this discovery, as soon as practicable, the defendant tendered said policies to the plaintiff and demanded that he return the note which had been given by the defendant to him, which the plaintiff refused to do.

The 10th plea, in substance, set up that said note was given for the first premiums on life insurance policies to be issued to defendant and his wife by said insurance company, of which company the plaintiff was agent; and that at the time said note was given, and as a part of the contract, the plaintiff agreed with the defendant and his wife that if when the policies were delivered, they were not satisfied with them, that the plaintiff would cancel said policies and return the defendant's note to him; that when said policies were delivered, they were not satisfactory to either the defendant or his wife, and they immediately tendered said policies to plaintiff, stating to him that they were not satisfied with them and demanded that the plaintiff return the note,

40

[Blanks v. Moore.]

but that the plaintiff refused to accept said policies and refused to return the defendant's note.

To pleas 9 and 10 the plaintiff filed the following replications : First. "Comes the plaintiff and for replication to the pleas numbered 9 and 10, filed by the defendant, saith that said defendant is estopped from pleading any oral statements, promises or information made or given by the person soliciting or taking defendant's application for said policies of insurance in said State Mutual Life & Annuity Association, or any promises or statements made by plaintiff, or by any other person in his presence and with said plaintiff's assent, which said promises or statements were not reduced to writing and presented to the officers of the said Association at the Home Office, or which were not contained in the written application signed by said defendant on the 12th day of September, 1901, the day said note sued on was made, for that on said date, said defendant and his wife executed and signed instruments in writing, to-wit, written applications for said policies of life insurance to be issued by said company, in which they agreed as follows, to-wit: 'I have read a sample blank form of the policy applied for, to be issued on the above named plan, and I hereby accept the conditions of the same, including the emergency clause, and I agree that no statement, promises or information made or given by the person soliciting or taking this application shall be binding on the Association unless such statements, promises or information be reduced to writing and presented to the officers of the Association, at the home office, and this application, and the policy hereby applied for, taken together shall constitute the entire contract between the parties hereto.'

"Second. For further replication to said pleas filed by defendant, to-wit, pleas Nos. 9 and 10, plaintiff saith that said defendant can not set up as a defense to this action any oral promises or representations as to the policies to be issued as a consideration for the execution of said notes sued on unless such statements, promises or information be reduced to writing and presented to the officers of said Association at the home office, for

[Blanks v. Moore.]

that on the 12th day of September, 1901, when said policy was contracted for and said note was executed, or agreed to be executed, the said defendant and his wife entered into and signed written instruments in which they contracted and agreed that said State Mutual Life & Annuity Association should not be bound by any statements, promises or information made by the person soliciting and taking said applications for said policy unless such statements, promises or information be reduced to writing and presented to the officers of the Association at the home office."

To these replications the defendant demurred upon the following grounds: "1. The said replications show that the written agreement therein set up is an agreement between the defendant and a third party, not a party to this suit. 2. The said replications show that the written agreement therein set up is an agreement to which the plaintiff is not a party. 3. The said replications show that the written agreement therein set up is an agreement between the defendant and the State Mutual Life & Annuity Association of Rome, Georgia, and that the said Association is not a party to this suit. 4. Said replications show that the written agreement therein set up is not an agreement between this plaintiff and this defendant. 5. Said replications set up no facts, which constitute an estoppel upon the defendant. 6. Said replications show that the plaintiff has no interest in the said agreement, and that he is not entitled to claim any right or benefit under the same. 7. Said replications do not show with whom the agreement therein set up was made." This demurrer was overruled.

There were other pleadings in the case, but inasmuch as the only error assigned is the court's overruling the demurrer to special replications numbered 9 and 10, it is unnecessary to set out the other pleadings.

Upon issue joined, there were verdict and judgment for the plaintiff, assessing his damages at $431.86. The defendant appeals, and assigns as error the overruling of his demurrer to the plaintiff's special replications.

OLIVER & THIGPEN, for appellant.

ARMISTEAD BROWN, *contra*, cited *Caldwell v. Smith*, 77 Ala. 165; *Tobias v. Morris*, 28 So. Rep. 517; *Sullivan v. Conway*, 81 Ala. 154; *Prickett v. Sibert*, 75 Ala. 319; *Montgomery v. Gordon*, 51 Ala. 380; *Kelly v. Ins. Co.*, 113 Ala. 453; *Sewall v. Henry*, 9 Ala. 24; 3 Mayfield's Digest, §§ 380, 422, 553.

DOWDELL, J.—The appeal in this case is on the record. The only error assigned is the action of the circuit court in overruling the demurrer of the defendant, appellant here, to the plaintiff's replications to pleas numbered 9 and 10. The plaintiff filed two replications, each to the two pleas jointly. The demurrer which contained several assignments, was addressed to the replications jointly. The demurrer raised two questions. First, that the replications failed to show that the plaintiff was a party, or privy, to the written instrument or contract set up in the replication; second, that the replication failed to show anything to estop the defendant from setting up the matter pleaded in the two pleas, to which the replications were filed. The averments in the pleas were sufficient to show plaintiff's privity, and hence it was not essential to be shown in the replications. The pleas alleged that the note sued on was given for the premiums of two life insurance policies, and that the plaintiff was the agent in the transaction, and acting for the Insurance Company. There was but a single transaction, and in which the written instrument or contract set up in the replications was made. As to the second question, the rule is too well established, to require the citation of authority, that a contract in writing cannot be contradicted or varied by contemporaneous parol agreement. The replications show that the defense set up in the pleas, was an attempt to vary or contradict by parol evidence the written contract, which, of course, could not be done. There was no error in the overruling of the demurrer on the grounds therein stated.

Affirmed.