# Miles *v.* Sledge.

### *Assumpsit.*

#### (Decided Nov. 12, 1908.   47 South. 595.)

1. *Evidence; Parol to Vary Writing.*—A written contract cannot be contradicted or varied by a contemporaneous parol agreement; and hence, in an action on a life insurance premium note, the insured could not show oral representations, promises, etc., by insurer's agent, where the written application for the insurance stated that it contained all the contract and that no statements had been made to or by any agents of the insurer inconsistent with the recitals of the application.

2. *Appeal and Error; Review; Scope.*—Where the appeal is from a judgment sustaining demurrer this court will not decide matters not presented by the demurrer.

APPEAL from Marengo Circuit Court.

Heard before Hon. W. W. QUARLES, Special Judge.

Assumpsit by G. G. Miles against A. M. Sledge. There was judgment for defendant, and plaintiff appeals. Reversed and remanded.

The action was upon a note given for an insurance policy; and the pleas were the general issue, want of consideration, fraud and misrepresentation in procuring the note, and failure of consideration. The following replications were filed:

[Miles v. Sledge.]

(1) "That said defendant is estopped from pleading any oral statements, promises, information, or representation made or given by the person soliciting defendant's application for said policy of insurance in the Phœnix Mutual Life Insurance Company of Hartford, Conn., or any promises or statements or agreements made by the plaintiff or any other person in the plaintiff's presence or with his assent, or by any agent of said insurance company, which said statements, promises, information, or representations were not contained in the written application signed by said defendant on the 22d day of July 1904, the day said note sued on was made, for that on said date said defendant signed and executed an instrument in writing, to wit, a written application for said policy of life insurance to be issued by said insurance company, in which he warranted and agreed as follows: "I hereby warrant and agree: (1) That the foregoing statements and answers as written and those contained in part 2, made or to be made to the medical examiner, are full, complete, and true; that no statement has been made to or by any agent or representative of the company, contrary to or modifying any of them as written; and that parts 1 and 2 of this application are offered to the company as a consideration for any policy hereby applied for.' "

(2) "That said defendant cannot set up as a defense to this action any oral promises, statements, agreements, or representations as to the policy to be issued as a consideration for the execution of the said note sued on (and here follows the same matter set out in replication 1)."

(3) Same as 1 down to and including the words "22d day of July, 1904," with the following addition: "In which he warranted and agreed that no statements had

been made by any agents or representatives of said company, contrary to or modifying the terms of said written application."

(4) Practically the same as 1.

(5) "That defendant is estopped from pleading or showing, as defenses to this action, fraud, false representations, failure of consideration, rescission of the contract, and want of consideration, or either of them, for that the notes sued on and which is the foundation of this suit was made by the defendant on the 22d day of July, 1904, and the consideration of said note was for the payment of the first premium on the policy of life insurance upon the life of the defendant to be issued by the Phœnix Mutual Life Insurance Company of Hartford, Conn., upon a written application therefor made and signed by the defendant on said date, the date of the execution and signing of said note sued on (which said written application is now referred to, is attached hereto as Exhibit A, and is made a part of the replication), and the plaintiff was the agent of the said insurance company, and the policy of life insurance applied for under said written application was issued by said insurance company, and was delivered to the defendant upon the consideration of said written application, and is policy No. 201,523, and is the identical policy in all its terms and conditions called for by said written application."

(6) This replication describes the application and the policy issued by said company thereon, and that upon a consideration of said application said policy was issued and is the identical policy called for, and that the defendant warranted and agreed as set out in the former application. Wherefore he is estopped from denying or showing anything contrary to or modifying the terms of said application.

[Miles v. Sledge.]

(7) Is an amplification of replications 3 and 6. Then follows the application and the policy as an exhibit.

Additional replications A and B were filed, setting up that plaintiff was the general agent of the insurance company for the state of Alabama, and that he did not solicit in person any insurance of the defendant, and made no representations or promises to the defendant as to what said policy would contain, and averring that defendant signed a written application for a policy of a certain and specific kind, and that defendant received the policy for which he applied.

Demurrers were filed to these replications jointly and severally:

(1) "That the same is in confession and avoidance, and fails to set up any facts showing or constituting an avoidance of the matters set up in said pleas."

(2) "Said replication is no answer to said pleas."

(3) "They present an immaterial issue."

(4) "They are insufficient in law, in that they admit that the allegations of the pleas are true, and the fact that defendant signed said application as set out in said replication is not sufficient in law to avoid said plea," etc.

From a judgment sustaining these demurrers, this appeal is taken. ·

C. K. ABRAHAMS and HOLLOWAY & BROWN, for appellant. The demurrers to the replications should have been overruled.—*Blanks v. Moore*, 139 Ala. 624; *Fulton v. Sword Med. Co.*, 145 Ala. 331; 135 Ala. 477. Demurrers to replication C were improperly sustained.—*So. Ry. Co. v. Hobbs*, 43 So. 844. Parol evidence is not admissible to vary a written application for insurance.—*Lewis v. Hudson*, 56 Ala. 186; *Phoenix Ins. Co. v. McArthur* 116° Ala. 659. The policy should have been returned within a reasonable time.—*Hutchinson v. Pal-*

*mer,* 147 Ala. 517; *Allen v. Smith,* 39 South. 615. The witness was improperly permitted .to state what kind of policy he applied for and what kind he got.— Authorities supra, and *Mobile Life Ins. Co. v. Pruett,* 74 Ala. 487.

HENRY MCDANIEL and W. S. THORINGTON, for appellee. The court properly sustained demurrers to the replications.—*Sullivan v. L. & N. R. R. Co.,* 128 Ala. 77. Under the circumstances of this case parol proof was admissible.—*Gunn v. Clendenin.* 68 Ala. 249; *Smith v. Aiken,* 75 Ala. 209.

ANDERSON, J.—The estopped set up by the special replications in the case at bar was the same as the one set up by the replications in the case of *Blanks v. Moore,* 139 Ala. 624, 36 South. 783, and it was there held, and properly so, that a contract in writing cannot be contradicted or varied by a contemporaneous parol agreement. It is true that the pleas were doubtless framed under the case of *Parker v. Bond,* 121 Ala. 529, 25 South. 898, and were there held good as against the demurrer; but the plaintiff did not, in said case, resort to a replication. The plaintiff, in the case at bar, evidently conceded that the pleas were good under the *Bond Case, supra,* and replied thereto under the authority of *Blanks v. Moore, supra.*

Whether or not so much of the contract as was relied upon should have been set out in the replications we need not decide, as this point was not presented by the demurrer. It is sufficient to say, however, that it was set out or referred to as an exhibit in some of the replications. The trial court erred in sustaining the demurrer to plaintiff's replications, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.