(101 So. 747)

**INDIAN HEAD MILLS v. HAMILTON.**
(6 Div. 210.)

(Supreme Court of Alabama. Oct. 30, 1924.)

1. Landlord and tenant ⚊88(2)—Agreement to renew implies renewal on same terms as original lease.

Agreement to renew lease is by implication agreement to renew on terms of original lease, except as to promise to renew.

2. Landlord and tenant ⚊83(5)—Action will lie for breach of contract to renew lease.

Action for damages may be maintained for breach of contract to renew lease.

3. Landlord and tenant ⚊83(1)—Lease to third party by month was breach of contract to renew original lease.

Where lease for year stipulated for renewal in event lessor decided to lease, lease to third party by month was breach of contract to renew.

4. Landlord and tenant ⚊83(5)—Waiver of provision in lease to renew jury question.

Waiver of provision in lease contract to renew *held* jury question.

5. Landlord and tenant ⚊83(5)—Measure of damages for breach of agreement to renew, stated.

Measure of damages for breach of agreement to renew lease is difference between agreed rent for renewal period and rental value at time of breach.

6. Landlord and tenant ⚊83(5)—Lessee entitled to recover his expense consequent to lessor's breach of contract to renew.

Where lessor breaches contract to renew lease, lessee may recover expense incurred in removing his stock; such expense being proximately consequent on lessor's breach of contract to renew.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action for damages for breach of an agreement to rent by S. Hamilton against the Indian Head Mills. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Bankhead & Bankhead, of Jasper, for appellant.

Counsel argue for error on the trial, but without citing authorities.

Sowell & Gunn, of Jasper, for appellee.

When no time is specified for the termination of tenancy, the law construes it to be for the calendar year. Code 1907, § 4732. A mere acknowledgment of satisfaction is not sufficient to sustain a plea of accord and satisfaction. Logan v. Austin, 1 Stew. 476; Scott & Sons v. Rawls & Rawls, 159 Ala. 399, 48 So. 710; 1 C. J 527.

SAYRE, J. Appellant, defendant in the trial court, leased a storehouse to plaintiff "for one year from the 1st of January, 1921." The lease contract contained this stipulation:

"The party of the first part [Indian Head Mills] agrees that should they decide to lease the commissary [the storehouse in question] for the [year] 1922 to give party of the second part refusal of same."

The complaint alleges that defendant breached its agreement for further lease by leasing the premises to another for the year 1922, thereby causing plaintiff to suffer loss and damage.

[1, 2] The agreement to renew was, by implication, an agreement to renew on the terms and conditions of the original lease, except, of course, the promise to renew, which is completely performed by one renewal. Drake v. Board of Education, 208 Mo. 540, 106 S. W. 650, 14 L. R. A. (N. S.) 829, 13 Ann. Cas. 1002, 123 Am. St. Rep. note p. 460. The right to a renewal is a valuable right, and for a breach of contract to renew an action

⚊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
212 ALA.—7

for damages may be maintained. McClintock v. Joyner, 77 Miss. 678, 27 So. 837, 78 Am. St. Rep. 541.

[3, 4] Plaintiff's evidence tended to support a finding that before the expiration of the lease for 1921 defendant notified him that he could not have the commissary for another year, and that thereupon defendant let the premises to another tenant, not indeed for the term of one year, but by the month, and that under this leasehold agreement defendant's substituted tenant held for the year 1922. On the hypothesis of the stated finding defendant breached its contract and was liable in damages. Plaintiff's right under his agreement was not to be set at naught by defendant leasing the premises for a term less than the year next after the expiration of the original lease. A breach was made to appear whenever it was shown that, without consent or waiver on the part of plaintiff, defendant leased the premises for the whole or any part of the stipulated renewal term. There was in this case evidence tending to show that, before the expiration of his original lease, plaintiff expressed to defendant's agent in charge his entire satisfaction with the new arrangement for the succeeding year; but the issue so raised was for decision by the jury.

[5, 6] The general damages recoverable for the breach of a lessor's covenant to renew is the value of the leasehold for the renewal period less the rent reserved; that is, the difference between the rent agreed to be paid and the actual rental value of the premises at the time of the breach. 16 R. C. L. p. 901, § 407. The proof in the present case disclosed no damage within the rule thus stated. But plaintiff, under count 2 of his complaint, was entitled to recover, if anything, losses proximately consequent upon the breach charged. 16 R. C. L. p. 559, § 29. Such losses and damages were shown by proof of plaintiff's actual and reasonable expenses incurred in removing his stock of goods at the expiration of the term of his original lease.

There was no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.