96 So.2d 750

Arthur C. EPPERSON and Jimmie Patterson

v.

J. H. STACEY, Jr.

1 Div. 714.

Supreme Court of Alabama.

Aug. 22, 1957.

Arthur C. Epperson, Foley, for appellants.

Jas. A. Brice, Foley, for appellee.

SIMPSON, Justice.

Appeal from a judgment rendered against the respondents in a declaratory judgment proceeding instituted in the Circuit Court in Equity of Baldwin County. The bill seeks interpretation of a written lease of real estate.

Appellant Epperson was lessee of Alfred Newman and Claude Peteet. Appellant Patterson is the sub-lessee of Epperson. The lease was executed in 1951 and

contained the following clause which is here in controversy:

"It is further understood and agreed that this lease is for an initial term of five years beginning on the first day of September, 1951, and will continue thereafter from year to year unless terminated by seasonable written notice; that the Lessors will not lease the aforesaid premises to a third party upon the expiration of any term of tenure under this lease without giving the lessee ample time to renew this lease."

On May 31, 1956 the appellee, successor in title to the property, through his attorney, gave written notice to the appellant Epperson that the lease would be cancelled as of September 1, 1956, which date was the end of the original five year term. Appellant Epperson gave a written acknowledgment of receipt of this notice.

Subsequent to the receipt of this notice from appellee, the appellant Epperson notified him that he wished to exercise his option to renew the lease under the second phrase of the above quoted provision of the lease. The appellee refused to renew the lease and appellant refused to vacate the premises, claiming he had subleased the same to Patterson. The appellee brought this declaratory judgment proceeding as stated. The trial court found the lease had been duly terminated, that appellants Epperson and Patterson were illegally retaining possession of the property; and finally ordered that appellants pay a rental of $75 per month for the actual time possession of the property is retained by them from September 1, 1956.

 It is first argued by the appellant Epperson that under the above quoted provisions of the lease "that the Lessors will not lease the aforesaid premises to a third party upon the expiration of any term of tenure under this lease without giving the lessee ample time to renew this lease", he had an option to renew regardless of the clause immediately preceding giving the right of termination to the lessors (and of

course to their successor in title, the appellee). In this connection the appellants seem to insist that there was some understanding between the original parties that Epperson would have an opportunity to renew his lease for a succeeding period of five years. However, in the absence of fraud or mistake—not here claimed or shown—the terms of a written contract cannot be varied by parol evidence. Griffin v. Tatum Chevrolet, 231 Ala. 534, 166 So. 49; Miles v. Sledge, 157 Ala. 528, 47 So. 595.

 The primary contention of appellants is that the option to renew the lease quoted above took precedence over the prior provisions for termination. The rule is to the contrary. If there exists inconsistency between two clauses of a contract which cannot be reconciled, the inconsistency must be resolved in favor of the prior clause, unless an intention to thereafter qualify is plainly expressed. Irwin v. Baggett, 231 Ala. 324, 164 So. 745; Lowery v. May, 213 Ala. 66, 104 So. 5. The controverted provision of the lease under consideration is governed by this principle. It is quite clear the lease was for an initial period of five years. See Irwin v. Baggett, supra (6). Hence, in the light of the above noted rule of construction, it must be held that the termination provision of the lease took precedence over the provision for renewal. That is to say, as a converse, appellants' right of renewal was from year to year after the expiration of the original term, so long as the right of termination was not asserted by the lessor. See for analogy the following from other jurisdictions. Stewart v. Kuskin & Rotberg, Inc., Tex.Civ.App., 106 S.W.2d 1074; Jacob Dold Packing Co. v. King County Refrigerating Co., 176 App.Div. 407, 162 N.Y.S. 1035; Willcox v. Montour Iron & Steel Co., 147 Penn. 540, 23 A. 840. It results that the lessor divested the lessee of his right to renew when he seasonably exercised his right of termination.

Indian Head Mills v. Hamilton, 212 Ala. 97, 101 So. 747 is distinguishable from the present situation in that the provision there

concerned a right to terminate an existing lease, whereas here the question is the right, vel non, of the lessee to a continuation of an existing lease.

Error is also argued in the ruling of the Court in fixing the rental of the property at $75 per month. In the light of the favorable resumption attending the finding below on conflicting evidence heard ore tenus, we would not be justified in overturning that ruling. 2A Ala. Dig., Appeal & Error, ☞931(1b).

Other assignments of error not argued in brief and are waived. Supreme Court Rule 9, Tit. 7 Appendix, Code 1940, 1955 Cum. Pocket Part.

We find no error.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.