145 So.2d 824

O. M. CAMPBELL

v.

A. S. LANINGHAM.

6 Div. 852.

Supreme Court of Alabama.

Oct. 18, 1962.

Johnson & Randall, Oneonta, for appellant.

. Nash & NeSmith, Oneonta, for appellee.

SIMPSON, Justice.

Appeal from a judgment on a jury verdict in favor of the plaintiff, A. S. Laningham, in an action in the nature of ejectment filed in the Circuit Court of Blount County. The action arose over a disputed boundary between lands of the parties. Appellant, O. M. Campbell, filed a plea suggesting the true boundary line also alleging to be the owner of certain land in the quarter-quarter and disclaiming all other lands located therein; a further plea of "not guilty" was filed. Appellee answered the plea of suggestion alleging what he contended was the true location of the boundary. Some two and one-half acres were involved in the dispute.

A. J. Laningham, father of appellee, and deceased at the time of trial, had at one time been owner of the whole forty acre tract; but had before his death transferred, on November 25, 1912, part of the forty to J. R. Bentley, who conveyed the land to

I. H. Jett on July 16, 1914. A. H. Jett, immediate predecessor in title to appellant, was conveyed the land by his father, I. H., on January 24, 1944; and thereafter on April 2, 1945, A. H. Jett conveyed the land to appellant by a warranty deed.

A. J. Laningham had at death devised to his wife and eight sons and daughters the tract, and appellee had purchased their interests, the last conveyance dated Sept. 3, 1937.

Both appellant's and appellee's deeds place the boundary where appellee contends it to be. Evidence on behalf of appellant tends to show that he was claiming more than his deed called for and that he constructed a barn on the disputed tract in 1946. It was also shown that appellant had cultivated the tract and that neither appellee nor his tenants had cultivated the tract since 1940.

Appellee's evidence on the other hand, tends to show the tract had been cultivated by him or one of his tenants until 1945, and that appellee was in possession of the disputed tract up to the time appellant bought it in 1945.

Audis and A. H. Jett both testified on behalf of appellant. Their testimony was to the effect that there had been no claim for any more land than was described in the deed under which they held, which places the line as appellee contends. A. H. Jett testified that he had never claimed to have sold any more land than was described in the deed he made to appellant.

The evidence is uncontroverted that appellee was in the United States military service from 1937 to July 1, 1951, and that his lands were farmed by two of his brothers and two others at that time.

There was some testimony that a boundary line was run between the property before A. J. Laningham died, but he was not shown to have been present, nor was it shown that he had agreed to the line.

The primary contention argued by appellant which was assigned as error, and also assigned as a ground for the motion for a new trial was that the trial court erred in sustaining objection to the following question propounded to witness, A. H. Jett, who testified on behalf of appellant:

"I will ask you if the time that you heard Mr. Laningham [A. J.] in the conversation with your father, if Mr. Laningham did point out the line between his land which is now owned by the plaintiff and the land which was then owned by your father and also in that conversation say that he, Mr. A. J. Laningham and J. R. Bentley to whom he sold off the land which Mr. Campbell now owns, did not agree that that line was the true line because no line had ever been run between them?"

The witness, A. H. Jett, was the immediate predecessor in title to the appellant, the property was conveyed some fourteen years before this suit was commenced by warranty deed. It is undisputed that appellee is an heir of A. J. Laningham, deceased, and had purchased all other heirs' interests in and to said estate in the lands involved in the case at bar. We think, therefore, that A. H. Jett was disqualified under § 433, Title 7, Code of Ala. 1940, the so-called "Dead Man's Statute", and that appellee is one of the persons coming within the protection of the statute; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700; nor can there be any doubt that appellant's interest is opposed, and A. H. Jett is seeking to testify in favor of appellant. The question then arises as to whether A. H. Jett was interested in the result of the suit, and does this interest serve to disqualify him with respect to the alleged transaction with A. J. Laningham, deceased. The Alabama cases are clear on this point. In Nichuss v. Ford, 251 Ala. 529, 38 So.2d 484, where the witness had joined in a warranty deed to an intervening claimant in the action, which warranty was outstanding, the court held:

"The principle has been established and adhered to by a long line of our

cases 'that as to all such testimony the living party to the original transaction is not a competent witness in favor of those who claim under him as against either the deceased party * * or against those who claim in privity with such persons, whether by descent or purchase'. [Citing cases.]"

In Federal Land Bank of New Orleans v. Curington, 233 Ala. 263, 171 So. 361, the rule was held to apply to protect those claiming in succession to the deceased the same as the estate of the deceased when the other conditions exist.

In Jernigan v. Gibbs, 206 Ala. 93, 89 So. 196, this court said:

"The clear effect of our decisions is that to all such testimony the living party to the original transaction is not a competent witness in favor of those *who claim under him* as against either the deceased party, or the deceased agent's principal, or against those who claim in privity with such persons, whether by descent or purchase. [Citing cases.]" (Emphasis ours.)

The purpose of the exception was pointed out most aptly in Boykin v. Smith, 65 Ala. 294, by then Chief Justice Brickell:

"The policy of the exception is the exclusion of the parties in interest, from testifying to transactions with, or statements by a deceased person, when the purpose of the evidence is to diminish the rights of the deceased, or of those claiming in succession to him. * * * If death has sealed the lips of one party, the law intends, as to this species of evidence, to seal the lips of the living."

In Smith v. Cook, 220 Ala. 338, 124 So. 898, where the suit was to establish a boundary line, the court held that the trial court properly excluded testimony of a witness to the effect that a boundary line had been established, because of the death of the predecessor in title with whom the witness alleged that the agreement had

been made. Although A. H. Jett was not a party to the suit, he was appellant's immediate predecessor in title having conveyed the property by warranty deed, and under the authorities, supra, we hold that he was disqualified under the "Dead Man's Statute". The rule has been extended to encompass witnesses in a party's chain of title, and being committed to that rule, the action of the trial court is deemed proper.

Assignments of Error numbered 9 and 10 relate to charges requested by appellant involving adverse possession by appellant. The general charge by the trial court adequately covered adverse possession, so the refusal of these charges is not error. Section 273, Title 7, Code of Ala. 1940, and annotations. These charges are also abstract, not taking into consideration the effect of the Soldiers' and Sailors' Civil Relief Act of 1940, § 525, 50 U.S.C.A. Appendix, § 525, on adverse possession. It was undisputed that appellee was in the military service from 1937 until July, 1951, so the period from 1940 until 1951 could not be considered in computing the ten-year period for adverse possession, and thus the refusal of these charges was proper.

Assignment of Error numbered 7 concerns prescription by appellant upon which appellant requested instructions in Charge No. 3. This charge was also abstract in that it did not take into account the effect of the Soldiers' and Sailors' Civil Relief Act of 1940 on the prescriptive period, and its refusal was proper. Moreover, there was no evidence of prescription in the record, thereby rendering the charge abstract.

Appellant argues as error the overruling of his motion for a new trial, contending that the verdict was against the great weight of the evidence, and that the trial court erred in refusing to allow the declarations of A. J. Laningham, which we have already held was a proper refusal. We feel that the verdict was sustained by the evidence, considering the evidence most

favorably to appellee. Jeffrey Mfg. Co. v. Hannah, 268 Ala. 262(2), 105 So.2d 672. The verdict of a jury is presumed to be correct and will not be reversed on appeal from a judgment thereon, unless a preponderance of the evidence is against the verdict, after allowing all reasonable presumptions in favor of its correctness. It must be palpably wrong and unjust. Shelby County v. Oldham, 264 Ala. 626, 89 So.2d 106. No ground is more carefully scrutinized and rigidly limited than that the verdict is against the weight of the evidence. Southern Apts., Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785. We are not clearly convinced that the verdict was wrong and unjust nor contrary to the great preponderance of the evidence, and affirm the ruling below in overruling the motion for new trial.

 Assignments of Error 13, 14, and 15 were grouped and argued together in appellant's brief, and concern different questions asked of appellant on direct examination relating to what A. H. Jett had said to appellant when selling the land as to the boundaries, and to the land itself. One of the questions was answered before objection was made; that set out as error in Assignment No. 14. The rule is manifestly clear that if an objection is general only, the trial court will not be put in error for sustaining it, if there is any valid legal objection thereto. Louisville & Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572. The question propounded to appellant was highly leading and suggestive, and we will not put the trial court in error for sustaining the objection thereto. Lemons v. Allison, 265 Ala. 347, 91 So.2d 236. The jury being present, and the witness answering before objection, there could be no harmful error in sustaining the objection. Phoenix Insurance Co. of N. Y. v. Leonard, 270 Ala. 427, 119 So.2d 217; Pettus v. Louisville & Nashville R. Co., 214 Ala. 187, 106 So. 807. Assignment of Error No. 14 being bad, those argued in conjunction with it will not be considered. Bolton v.

Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; American Surety Co. of New York v. Hooker, 36 Ala.App. 39, 58 So.2d 469; Wyatt v. Birmingham, 37 Ala. App. 579, 72 So.2d 735.

The remaining assignments of error not being argued in appellant's brief must be considered waived under the authority of Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750; and Rule 9, Supreme Court Rules of Practice, Title 7, Code of Ala.1940, Appendix.

We are at the conclusion that no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

