210 So.2d 793

**CITY OF MOBILE**

v.

**William L. TEW, Sr.**

**I Div. 382.**

Supreme Court of Alabama.

May 23, 1968.

Ralph O. Howard, Mobile, for appellant.

Matranga, Hess & Sullivan, Mobile, for appellee.

**PER CURIAM.**

This is an appeal from a judgment in the Circuit Court of Mobile County, Alabama, wherein appellee filed suit against appellant to recover a judgment for personal injuries arising when appellee drove an automobile into a defect, or washout, in a public street or road within the corporate limits of appellant. The jury returned a verdict in favor of appellee. Judgment was duly entered for the amount of damages fixed by the jury. This appeal is from the judgment so entered.

The complaint, in the first paragraph, describes the defect and its location. It also avers personal injuries and damages incident to the automobile plunging into the washout.

The next paragraph avers the gravamen of the complaint. We quote:

"And the Plaintiff avers that all of his said injuries and damages were proximately caused by the negligence of the Defendant in that the Defendant negligently *caused* or negligently allowed said defect to be, or remain in said public street." (Emphasis supplied.)

We will consider only Assignment of Error No. 15 for the reason that no other assignment is argued. Not being argued, they are waived. Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750(6); Supreme Court Rule 9, Title 7, Code 1940, Appendix; Revised Rules, 279 Ala. p. XXIII et seq.

This argued assignment asserts that "The trial court erred in denying the motion for a nonsuit."

The motion to which reference is made in the assignment of error is as follows:

"The second ground for a motion to exclude is that under the provisions of Title 37, Section 502, the law requires the injured party to join such other persons or corporations liable as a defendant or defendants and no judgment shall be rendered against the city or town unless judgment is rendered against such other person or corporation so liable for such injury except where a summons is returned Not Found as to a defendant or when judgment is rendered in his favor on some personal defense, and if an action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provisions in the preceding section, the plaintiff shall be non-suited unless he amends by making such party or corporation a defendant. * * *"

* * * * * *

"And further, if I might ask that the third motion would be for a non-suit, which might be a more appropriate action. * * *"

The trial court, in ruling adversely to defendant on its motion for a nonsuit, observed inter alia as follows:

"* * * I'm going to take the position that this suit is filed under Section Two, which is not the original construction but which is a failure to remedy a defect after knowledge or after they should have known it. And I am going to deny the Motion to Exclude. * * *"

Section 502, Title 37, Code 1940, Recompiled in 1958, reads as follows:

"No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employe of the municipality engaged in work therefor; and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness, *or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council,* and whenever the city or town shall be made liable to an action for damages, by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured." (Emphasis supplied.)

As we observe the evidence, washouts had occurred at the same place about a week before the incident here involved, and the washouts were filled in by the city.

Some heavy rain fell upon the road and vicinity that night when and where the automobile being driven by plaintiff went into the washout here under consideration. The washout was at the edge of a bridge built across a stream that intersected the road or street.

It is the contention of appellant that the second washout (the one into which the automobile fell) was in part caused by the rupture of a water pipe or main suspended from or below the surface of the bridge above the water. It appears that the pipe or main was owned and operated by the Water and Sewer Board of the City of Mobile, a separate entity from defendant.

We have examined the evidence as narrated in appellant's brief purporting to be in compliance with a rule of this Court. We fail to see that the said entity was guilty of any negligence proximately contributing to the washout as charged in the aforequoted gravamen of the complaint. There was evidence that following the automobile's catapult into the crevice or washout, it was discovered that the pipe was ruptured, but no evidence as to when it occurred or the cause thereof.

Section 503, Title 37, Code 1940, Recompiled in 1958, provides:

"The injured party, if he sues the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the suit, and no judgment shall be rendered against the city or town, unless judgment is rendered against such other person or corporation so liable for such injury, except where a summons is returned not found as to a defendant or when judgment is rendered in his favor on some personal defense, and if an action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provisions in the preceding section, the plaintiff shall be nonsuited, unless he amends by making such party or corporation a defendant if a resident of the state, *but no person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision.* * * *" (Emphasis supplied.)

Unless the record discloses evidence as would warrant a reasonable inference that the pipe line owner was in anywise negligent, the trial court was not bound to grant defendant's motion for a nonsuit. City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30(2); City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160(4); Milner v. City of Birmingham, 201 Ala. 689, 79 So. 261(3). Mere speculation or a possibility, short of proof from which a reasonable inference could be drawn that the pipe line owner was guilty of negligence that resulted in the rupture of the pipe, is insufficient.

The evidence, as narrated, offers no proof from which a reasonable inference of negligence on the part of the Water and Sewer Board could be drawn. Hence, it was not error to deny the motion for a nonsuit.

The judgment of the lower court should be, and is, affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, COLEMAN and KOHN, JJ., concur.