300 So.2d 116

MAGIC TUNNEL CAR WASH EQUIPMENT CO., INC.

v.

BRUSH KING FRANCHISES, INC.

Civ. 254.

Court of Civil Appeals of Alabama.

June 5, 1974.

Rehearing Denied July 24, 1974.

John S. Foster, Birmingham, for appellant.

Sirote, Permutte, Friend & Friedman, P. A., and William G. West, Jr., Birmingham, for appellee.

BRADLEY, Judge.

On October 5, 1970 plaintiff, Brush King Franchises, Inc., hereinafter called "Brush King", filed a complaint against defendant, Magic Tunnel Car Wash Equipment Company, Inc., hereinafter referred to as "Magic Tunnel", containing two counts, one for money had and received and the other for conversion. To this complaint was filed the plea of not guilty and the general issue.

On January 29, 1973 trial was commenced before the court and a jury. During the trial, the complaint was amended by adding a third count sounding in fraud. Count Three is as follows:

"Plaintiff claims of the Defendant the sum of $5000.00 plus interest from to-wit

March 19, 1968. The Plaintiff alleges that the Defendant, through its agent, servant or employee, who was acting within the line and scope of his employment, induced the Plaintiff to execute a purchase order for the purchase of car wash equipment from the Defendant, said order being dated, to-wit March 19, 1968, by representing to the Plaintiff that said purchase order would not be binding on Plaintiff unless Plaintiff found a suitable and satisfactory location for a car wash facility in Athens, Georgia or Columbus, Georgia, which said representation was a material representation and which was relied upon by Plaintiff when Defendant knew said representation was false and had no intention of honoring said representation but made said representation solely to induce Plaintiff to execute aforesaid purchase order. In reliance upon said representation Plaintiff executed the aforesaid purchase order. Plaintiff was unable to find a suitable or satisfactory location for a car wash facility in Athens, Georgia or Columbus, Georgia and informed defendant of this fact on to-wit December 1, 1968 and then requested Defendant to refund or return $5000.00 which was paid by Plaintiff to Defendant as a cash deposit on to-wit: March 19, 1968, but Defendant has refused to refund or return said $5000.00."

A demurrer was filed to the complaint as amended and subsequently overruled. The defendant thereupon filed a plea in short by consent, etc. At the conclusion of the trial, the court gave the affirmative charges without hypothesis as to Counts One and Two of the complaint. The case then went to the jury on the basis of Count Three of the complaint and the evidence adduced during the trial. There was a verdict for plaintiff in the amount of $6,200, which included $5,000, the amount claimed to have been fraudulently withheld, and interest at the rate of 6% from the date of the refusal to give up the money.

There was filed a motion for a new trial which was overruled. An appeal was then perfected to this court from the judgment on the merits. Pending the appeal, the judgment was superseded by the filing of the appropriate bond.

■ There were ten assignments of error filed with the record, but only three argued in brief. Those assignments not argued are deemed waived. Automotive Acceptance Corp. v. Powell, 45 Ala.App. 596, 234 So.2d 593.

■ After the appeal was taken to this court, appellee filed a motion here asking that the trial court's judgment be affirmed on the ground that appellant had failed to argue in brief any of its assignments of error as required by Rule 9 of the Supreme Court Rules.

Upon receipt of the motion to affirm the judgment of the trial court, this court, pursuant to Supreme Court Rule 52, gave appellant an opportunity to correct the alleged defect in its brief. The appellant has now pinpointed his argument in brief to the three assignments of error mentioned above, and we are satisfied that the issues being argued on this appeal are confined to these three assignments of error. Consequently, the motion to affirm for lack of argument of specific assignments of error must be denied.

Assignments of error four and six are directed to the refusal of the following written requested charges:

"CHARGE NO. 5.

"I charge you, Ladies and gentlemen of the jury, that you cannot find for the plaintiff and against the defendant under Count Three of the Complaint.

. . . . . .

"CHARGE NO. 7.

"I charge you, ladies and gentlemen of the jury, that you cannot find for the plaintiff and against the defendant."

In arguing these two assignments of error, appellant makes the point that the trial court erred in refusing to give to the jury the requested charges for that the statutory period of one year, i. e., Title 7, Section 26, Code of Alabama 1940, as Recompiled 1958, had run as to Count Three and that the evidence was insufficient to make out the averment in Count Three that the defendant through its agent, servant or employee falsely represented to plaintiff that plaintiff's purchase order would not be binding unless plaintiff was able to find a suitable car wash site in Athens, Georgia or Columbus, Georgia.

We will now consider appellant's first contention that the one year statute of limitation for fraud barred recovery in this case.

The case went to the jury on the fraud count along with the plea in short, etc.

In the order overruling the motion for a new trial the trial judge observed that he was unaware until the hearing on the new trial motion that defendant was relying on the statute of limitations as a special defense. The record is devoid of any notice, oral or written, specifically bringing to the attention of the trial court the defense of the statute of limitations. However, Magic Tunnel argues that under the plea in short no such notice was necessary for the reason that the special plea of the statute of limitations is encompassed by the plea in short. Magic Tunnel further says that the proof shows clearly that the statements upon which Brush King relies for its fraud were made more than one year prior to the filing of the original complaint.

■ The statute of limitations is a personal plea, Tolbert v. City of Birmingham, 262 Ala. 674, 81 So.2d 336, and must be specially pleaded in order to be available as a defense. Ellis v. Black Diamond Coal Mining Co., 265 Ala. 264, 90 So.2d 770. However, the plea of the statute of limitations has been held to be encompassed by the plea in short, etc. Morris v. Zac

Smith Stationery Co., 274 Ala. 467, 149 So.2d 810; Berry v. Wooddy, 16 Ala.App. 348, 77 So. 942.

■ Where it is contended that the statute of limitations has been pleaded through the plea in short, is it incumbent upon the defendant to do anything more than introduce proof of the running of the limitations statute? In the instant case we believe that defendant should have informed the trial court prior to or at the time of the request for the affirmative charge that it considered the complaint barred by the appropriate statute of limitations.

It is obvious from reading the record in this case that the trial was not conducted on the theory that the statute of limitations was a defense. The trial court instructed the jury on the law of fraud and, after concluding its charge on the law of the case, asked counsel if they were satisfied with the charge, and defendant's counsel answered that it was so satisfied. Furthermore, the written charges requested by defendant were directed to a finding for defendant on the failure of the evidence to prove that at the time the promises were made there was an intent not to comply with them. Such requests could have caused the trial judge to assume that the sole defense being relied on by defendant was the general issue, thereby obscuring the possible defense of the statute of limitations.

In Southern Ry. Co. v. McCamy, 270 Ala. 510, 120 So.2d 695, the Supreme Court held that a case will not be reviewed on appeal on a theory different from that on which it was tried below, as did this court in Humphrey v. Boschung, 47 Ala.App. 310, 253 So.2d 760. The Supreme Court in *McCamy* also said that the defense of want of capacity to sue was a defense that could be raised under the plea in short but that it must be made an issue by giving the trial court notice that such issue is being relied on as a special defense. In the instant case, it appears that the first notice that

the trial court had of the statute of limitations being relied on as a defense to the action was during oral argument on the motion for new trial. In *McCamy*, the Supreme Court did not say that the question could not be raised for the first time on a motion for new trial, but did say that the motion could not be amended to include a ground not raised in the original motion after thirty days from the final judgment, and again stated that the notice of a special defense must come during the trial. In the instant case there was no ground of the motion raising the issue of the statute of limitations, and no notice was given to the judge during the trial on the merits that the statute of limitations was being relied on as a defense. It would have been a simple matter for the defendant at the time it requested the affirmative charges to have informed the court of its reliance on the bar of the statute of limitations and requested the charge on that basis. No such notice was given to the trial court. In fact the defendant said that it was satisfied with the court's oral charge which contained no instructions on the statute of limitations. We therefore conclude that defendant waited too late to apprise the trial court of its reliance on the defense of the statute of limitations. No error here.

Defendant's second contention that the trial court erred in refusing requested charges four and six for the reason that the evidence was insufficient to prove the essential averments of Count Three will now be considered.

The evidence showed that Mr. Bohannon and Mr. Garrett, the principal officers of Brush King, went to Birmingham in March 1968 to talk to the people at Magic Tunnel and look at their product. After looking at one of the car wash machines that was manufactured by Magic Tunnel, Mr. Bohannon and Mr. Garrett talked to Mr. Larry Houck, Jr., an employee of Magic Tunnel.

During this conversation, a purchase order for a car wash machine was signed by Mr. Bohannon and Mr. Garrett. Mr. Houck did not sign it, saying that only the board of directors could approve the agreement. The agreement was never signed by Magic Tunnel. Mr. Bohannon paid $3,000 at that time as a deposit on the purchase order and $2,000 at a later date, making a total of $5,000 paid to Magic Tunnel. The agreement did not provide for a delivery date nor delivery site.

Mr. Bohannon and Mr. Garrett both testified that they told Mr. Houck that they had no suitable site on which to place the car wash machine and that the purchase was contingent on a suitable site being found in Athens, Georgia or Columbus, Georgia. They said this was the reason for leaving blank the delivery date and site provision in the purchase order. They stated that Mr. Houck said to give him six weeks' notice after obtaining a site, as it would take that long to get the equipment ready to ship, and that Magic Tunnel would not start building the equipment until it received notice of a site location.

Mr. Bohannon testified that it was made crystal clear to Mr. Houck that the deposit was being made subject to the location of a suitable site for the car wash machine.

In the fall of 1968 Mr. Bohannon and Mr. Garrett returned to Birmingham and told Mr. Houck that they were unable to find a suitable location for the car wash in either Athens, Georgia or Columbus, Georgia and requested the return of their $5,000 deposit. Mr. Houck replied that Magic Tunnel had incurred some expenses regarding the purchase order and could not return the $5,000 deposit. Mr. Bohannon said at a later date that he received a letter from Magic Tunnel stating that no refund would be made. To the date of trial, no refund had been received.

Mr. Bohannon testified that he never did notify Magic Tunnel to prepare the equipment for the car wash because he never found a suitable location for it. Mr. Garrett stated that Mr. Houck specified that

no equipment would be fabricated until notice to do so was received by Magic Tunnel.

Mr. Houck testified that fabrication of the equipment for the car wash as set out in the purchase order was commenced the next day after the purchase order was signed. He also stated that he never did receive a site location to which the equipment would be shipped nor a delivery date and that the equipment was never delivered to Brush King. Mr. Houck denied that the purchase order was contingent upon Brush King obtaining a suitable location for the car wash.

■■ The scintilla rule still prevails in Alabama, and where there is a "gleam, glimmer or spark" of proof supporting the allegation, the request for the general affirmative charge is properly refused. Ramos v. Fell, 272 Ala. 53, 128 So.2d 481. We consider that in the instant case the evidence was sufficient to satisfy the scintilla rule and that the trial court did not err in refusing the general affirmative charges on this basis.

■ Appellant also argues in support of its assignment of error one that the trial court erred in denying the new trial motion. The reason given to support this argument is that the verdict and judgment was contrary to the great preponderance of the evidence. A jury verdict is presumed to be correct and will not be reversed on appeal unless a preponderance of the evidence is against the verdict, after allowing all reasonable presumptions in favor of its correctness, Campbell v. Laningham, 274 Ala. 138, 145 So.2d 824. Furthermore, where the trial court overrules the request for a new trial, the presumption is strengthened that the verdict was amply supported by the evidence. Atlantic Coast Line R. Co. v. Griffith, 40 Ala.App. 364, 113 So.2d 788. After a careful examination of the evidence in this case, we cannot say that the verdict is not supported by a preponderance of the evidence.

No reversible error having been argued, this case is affirmed.

Motion denied. Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.