LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a conviction of murder in the first degree and a sentence of imprisonment for life.
According to the undisputed evidence, Claudia Mable Coleman was killed by a shot fired from a .38 caliber pistol while it was in the right hand of defendant. She was the mother of Linda Sue Vining, the former wife of defendant. They had been divorced from each other about nine months at the time of the alleged homicide. Defendant had gone to the home where his former wife was living with her sister, next door to the home of their mother, about 3:00 A.M. November 9, 1975, and had created quite a disturbance in an effort to get his wife to resume their marital relationship. She did not grant him admittance to the house where she was living, and he commenced shooting into the house; his former wife returned the fire with a .22 pistol.
According to the testimony of defendant, Mrs. Coleman came to him from her house in an effort to dissuade him from his violence and at the same time give him some hope for a reconciliation between him and his former wife; he shoved Mrs. Coleman away, but she fell backward and the gun went off. He denied intentionally shooting her. He said there were details about the matter that he did not recall; that he had been taking medication for pain by reason of a tooth that he had had extracted and had drunk from fifteen to twenty beers during the twelve or thirteen hours prior to his going to the home of his ex-wife the night of her mother’s death.
Defendant’s former wife testified that while her mother was attempting to get defendant to leave and not continue the disturbance, defendant shouted to his former wife that if she didn’t come out of the house, he was going to shoot her mother.
The evidence presented a jury issue as to defendant’s guilt, and there is no contention to the contrary.
Appellant’s only insistence on error is as to the court’s ruling during defendant’s interrogation of a witness whom defendant had called as a character witness. The ruling is contained in the record as follows:
“Q Mr. Vines, can you testify as to his general reputation in the community?
“A Ray’s reputation was good.
“Q Can you testify as to his reputation in the community for truth and veracity?
“A It was good. He was very truthful.
“MR. JOHNSON: I object to him adding anything.
“THE COURT: That’s enough.
“Q Can you testify as to reputation in the community for peacefulness?
“A It is good.
“MR. JOHNSON: I object to that because self-defense is not an issue, it hasn’t been placed in issue.
“THE COURT: Sustained. .
“MR. SNABLE: That’s all I have, Your Honor.
“MR. JOHNSON: No questions.
“THE COURT: Step down.”
We agree with appellant that the ground assigned by the State to the objection to the question with reference to defendant’s reputation in the community for peacefulness was not a valid ground of objection. Beaird v. State, 215 Ala. 27, 109 So. 161 (1926). On the other hand, aside *482 from the question whether the court was justified in sustaining the State’s objection on general grounds or on specific grounds not stated, no injury to defendant resulted from the ruling as the question was answered by the witness, and it remained as a part of the evidence in the case. In Phoenix Ins. Co. of N.Y. v. Leonard, 270 Ala. 427, 119 So.2d 217 (1960), it was held that where a witness had already answered questions before objection was made to questions, there was no harmful error in sustaining the objection. In Campbell v. Laningham, 274 Ala. 138, 143, 145 So.2d 824, 827 (1962), the court said:
“ . . . The jury being present, and the witness answering before objection, there could be no harmful error in sustaining the objection. . . . ”
We find no error in the record prejudicial to defendant, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.